## MATHEWS *vs.* STARR.

1. Property of S. was levied on and advertised for sale. M. agreed that if S. would permit him to buy it at sheriff's sale, and would not have the price run up on him, that he would buy and would pay to S. the difference between the price paid at the sale and $1,000.00, which S. claimed to be a fair valuation. Relying on this, S. made no effort to pay the *fi. fa.* or stop the sale as he could otherwise have done. M. bought for $625.00. S. sued for the balance to complete the $1.000.00:

*Held*, that the contract was founded on a sufficient consideration.

2. Such a contract was not illegal.

3. If the proposed purchaser desired to annul the contract, it was incumbent on him to have given notice to the defendant in *fi. fa.*, in ample time for him to have made other arrangements.

Contracts. Sales. Before Judge POTTLE. Elbert Superior Court. September Term, 1881.

Reported in the decision.

D. M. DuBose; Jno. P. Shannon, by brief, for plaintiff in error.

A. G. McCurry; Geo. C. Grogan, for defendant.

Jackson, Chief Justice.

This action was brought by Starr to recover from Mathews $375.00, on an agreement that if the former, having property levied on for sale by attachment, would not protect it from sale or get other parties to bid it off for him, and run it against Mathews, then Mathews would pay Starr the difference between what he paid for it and $1,000.00, which Starr thought he could make it bring.

The jury found $375.00, Mathews having bid off the property at $625.00, and $375.00 being the difference between the $1,000.00 and the purchase money paid by

Mathews.   A motion was made for a new trial, and on its denial error is assigned.

1. There is sufficient consideration to uphold the contract. If not carried out, Starr would have been injured. He received the promise from Mathews, and thereby lost his chances to make the property bring more money.   It was a beneficial contract to Mathews.   It would enable him to free himself from the competition which the defendant might have brought against him if the property was sold, as well as from the efforts of Starr to arrange not to let the property go to sale.   " A consideration is valid, if any benefit accrues to him who makes the promise, or any injury to him who receives the promise."   Code, §2740.

2. Was the contract illegal?   Under the facts disclosed in the record, we think not.   The allegations are : That in the latter part of 1874 said Starr purchased from one W. A. Royston one undivided fourth interest in a mill on Beaverdam Creek, in Elbert county, agreeing to pay for this interest seven hundred and fifty dollars ; that he got no deed from Royston and had paid Royston to January 16th, 1877, about five hundred dollars, and had expended about one thousand dollars for improvements and repairs of said property ; that about January 16th, 1877, said Starr, intending to be absent from the county, made, without any consideration, to said Mathews and one A. C. Mathews, a deed to his interest in said property for the purpose of getting them to manage his interest in his absence, and took from the said Mathews a bond to reconvey said interest to said Starr any time after January 1st, 1878 ; that during the year 1877, said David A. Mathews became the owner of the remaining three-fourths of said mill property ; that during the said year said Royston sued out an attachment against said Starr for the unpaid balance of the purchase money of said Starr's one-fourth interest, said balance amounting, with interest and costs, to about five hundred dollars, under which attachment proceedings said interest was levied on and advertised for

sale the first Tuesday in January, 1878; that before the day of sale, plaintiff in error, said David A. Mathews, contracted and agreed with him, said Starr, that if said Starr would let his interest go on and sell, that he, said Mathews, would pay him, said Starr, the difference between what it should be bid off at and one thousand dollars; that he, said Starr, could have settled off the purchase money and found other legal means to prevent the sale of said interest, but relying on this contract of Mathews, did not do so, but the property was sold on the first Tuesday in January, 1878 to said Mathews for six hundred and twenty-five dollars; that of the one thousand dollars agreed to be paid by said Mathews, eight hundred was cash and two hundred in November, 1878; that on account of this contract Mathews is indebted to Star one hundred and seventy-five dollars, with interest from January 1st, 1878, and two hundred dollars with interest from November 1st, 1878, and to recover these sums Starr brought his suit. Starr alleges full compliance upon his part with his contract, his reliance upon Mathews' compliance, and Mathews' failure and refusal to comply.

It was a question of fact for the jury, whether these allegations were made good by proof. On that issue there is conflict in the testimony, and the jury settled it. The case in 41st *Ga.*, 283, is much in point, and settles, we think, the law of this case, and the jury having settled the facts, the case is with the defendant in error.

3. The court charged the jury: "If you believe from the evidence that the plaintiff agreed with defendant that if he, plaintiff, would let the mill property go to sale the defendant would pay him the difference between what it brought at the sale and one thousand dollars, and by reason of such agreement the plaintiff was lulled into security, and did not make any arrangements to redeem the land, the plaintiff is entitled to recover, unless that contract was annulled. I charge you that the defendant had a right to make the agreement with or without a reason, provided

he gave plaintiff notice in ample time to enable the plaintiff to make arrangements to prevent the sale of the property."

This charge is excepted to, but it seems to us to embody the law of the case in few words. Good faith demanded that Mathews give Starr notice if he rescinded the contract, so as to put Starr where he was when the trade was made, and give him a chance to make other arrangements to prevent his property from being sacrificed.

Judgment affirmed.