### 3162.  WESLEY *v.* BOYD.

POWELL, J.  The material question in the case is controlled by *Brandon* v. *Pritchett,* 126 *Ga.* 286 (55 S. E. 241).  The plaintiff in error has requested that the question involved be certified to the Supreme Court, in order that a motion to review and overrule that case may be presented; but, since there appears no reasonable ground for a belief that the Supreme Court would recede from its former decision, the request is denied.  See, also, the recent decision of the Supreme Court in *Kaigler* v. *Brannon,* 137 *Ga.* (72 S. E. 400).                        *Judgment affirmed.*

DECIDED NOVEMBER 7, 1911.

Action on contract; from city court of Griffin—Judge Clark presiding.  December 16, 1910.

J. E. Drewry, as agent for G. B. Wesley, made a contract in writing, in September, 1909, for the sale of 15 bales of cotton to Douglas Boyd, at 11½ cents per pound, the bales to average 500 pounds each, and to be delivered in October, 1909.  The writing recited a consideration of $1, paid by Boyd, and was signed: "J. E. Drewry, for G. B. Wesley," and was also signed by Boyd.  The suit is for damages on account of Wesley's refusal to deliver the cotton.  The verdict is for the amount sued for,—the difference between the contract price and 14½ cents per pound, the alleged market price during October, 1909, with interest.  Wesley moved for a new trial, on the grounds that the verdict was contrary to law and to the evidence; the motion was refused, and he excepted.

At the trial Drewry testified: "Some time in the latter part of August, 1909, Green B. Wesley came into my office with H. H. Bass.  I am a warehouseman, and Mr. Wesley was trying to sell 15 bales of cotton for fall delivery, and Mr. Bass had offered to buy

it at 11½ cents. Mr. Wesley asked my advice about making the sale. I told him I thought he could do a little better, and advised him to wait a little. He then told me to sell for him 15 bales of cotton at a price above 11½ cents per pound, and make a contract for him to that effect, and not to let the price go below 11½ without selling. A few days later I sold the cotton for him to Mr. Douglas Boyd, and signed the contract which was sued on in this case. A short time after this, Mr. Wesley, the defendant, came to town, and I told him that I had sold the cotton for him and made a contract for him, and he said, 'I will sign it.' I said, 'I have already signed it for you; I sold it to Mr. Douglas Boyd and he has the contract in his office.' Mr. Wesley said it was 'all right.' No money was paid at the time of signing the contract. Mr. Wesley never gave me any written authority to sell the cotton, but he did give me verbal authority to sign—make a contract. I am not certain whether or not Mr. Wesley asked me, after the contract had been signed, as to when he was to deliver the cotton; but I think I may have told him that he could deliver it in October or November. . . When he first authorized me to sell the 15 bales of cotton for him for fall delivery, he said nothing about any date of delivery, but just told me to sell the 15 bales of cotton, leaving that with me." The plaintiff testified that the defendant refused to deliver any cotton on the contract. It was also testified that cotton of the grade called for in the contract was worth 14½ cents on the first of November, and "was never less than that during the fall." No evidence was introduced by the defendant.

It was contended on the part of the defendant that the contract for the sale of the cotton was the contract of Drewry, and not of the defendant, and that Drewry had no authority to make it.

*T. E. Patterson,* for plaintiff in error, cited Civil Code (1910), §§ 3570, 3574, 3222, and the dissenting opinion in *Brandon* v. *Pritchett,* 126 *Ga.* 286, and requested that the question involved be certified to the Supreme Court, in order that a motion to review that case might be presented.

*J. D. Boyd, Cleveland & Goodrich,* contra, cited *Dozier* v. *Mc-Whorter,* 117 *Ga.* 788-9; *Brandon* v. *Pritchett,* supra; *Smith* v. *Farmers Mut. Ins. Asso.,* 111 *Ga.* 739; *Colquitt* v. *Smith,* 76 *Ga.* 709; *Brown* v. *Colquitt,* 73 *Ga.* 59.