## 17475. KENNINGTON v. SMALL.

1. Because of the statute of frauds, the oral option from the owner to the plaintiff to buy the realty was voidable by the owner, but the owner's recognition of that option, by carrying out the terms thereof, cured this defect. The contract on which the suit was based was in writing, was based on a valuable consideration, and, so far as it obligated the plaintiff, was performed; and the defendant, having received the benefit of this performance, is bound by the terms of the contract.

2. The description of the property mentioned in the written contract, though carelessly made, is sufficiently definite to be the basis of a suit for damages for a breach of the contract.

3. The court committed no reversible error, either in overruling the demurrers to the petition, or in overruling the motion for a new trial.

DECIDED DECEMBER 14, 1926. REHEARING DENIED JANUARY 11, 1927.

Frauds, Statute of, 27 C. J. p. 324, n. 18.
Vendor and Purchaser, 39 Cyc. p. 1223, n. 39; p. 1672, n. 92.

Breach of contract; from Bibb superior court—Judge Malcolm D. Jones. April 30, 1926.

Application for certiorari was denied by the Supreme Court.

*Hunter & Daly, Hall, Grice & Bloch,* for plaintiff in error.

*Jones, Park & Johnston,* contra.

PER CURIAM. G. L. Small sued H. A. Kennington for the value of certain property, the claim arising by virtue of the following facts: John R. L. Smith, representing the creditors of A. T. (Gus) Small, had for sale certain property formerly belonging to Small, the said property to be sold for the benefit of the creditors. He placed the property in question in the hands of Willingham Loan & Trust Company, real-estate agents, with instructions to get $40,000 for it. Willingham, agent, after making considerable effort to sell the property, reported to Smith that $25,000 was his best offer, this offer having been made by H. A. Kennington. Gus Small asked for the refusal of the property at this figure, and Smith instructed Willingham to give Small the refusal or preference on the property at $25,000, because of Small's interest in the sale of the property. In compliance with these instructions Willingham, on December 24, 1923, gave Small an option until 4 o'clock of that afternoon to buy the property at the same figure that Kennington had offered. This preference, or refusal, or option, was oral. Small then went to Kennington, told him that his brother G. L. (George) Small had an option on the property until 4 o'clock that day, that he wanted $25,000 for the place, and that if Kennington did not take the property, "we (the Smalls) are going to open up business here again, and that will give you competition." Kennington agreed to buy the property, and he and Gus Small went to Willingham's office before 4 o'clock of that day. Small told Willingham that Kennington had bought the property, and Kennington paid Willingham $100 to bind the trade. The price which Kennington agreed to pay Willingham was $25,000, and Kennington then executed and delivered to Small the following agreement to convey certain property to G. L. Small as consideration for Small's option, the agreement being written "on a letter-head of Macon National Bank, Macon, Ga.:" "Dec. 24/23. I having bought of G. L. Small and having his option transferred to me of the store & warehouse & lot in East Macon

known as the property where A. T. Small & Sons did their grocery business, we agree to give the said Geo. L. Small a deed to our store in East Macon where we are now doing business, & also deed to him the shop in the rear of warehouse where Ed Lamar [changed by amendment to Ed Lundy] is now located—the line to extend back the width of shop. H. A. Kennington." Gus Small, in procuring the option from Smith and Willingham, and in selling it to Kennington, was acting as duly authorized agent for his brother, George L. Small, and George L. Small had made arrangements to buy the property, having procured $10,000 and turned it over to Gus Small to be used in buying the property in question. Kennington later declined to take the property, and got back his earnest money from Willingham, but about a month later did buy the same property from the same party and at the same figure. Kennington refused, however, to deed to George L. Small the property referred to in his written agreement with Small. As a result of this refusal George L. Small brought suit against him for the value of the property which he agreed to convey to George L. Small in consideration of the transfer of Small's option. Both parties agreed that in the event the plaintiff recovered, the verdict should be for $4,500. The plaintiff did recover, the defendant Kennington's motion for a new trial was overruled, and the movant excepted. Some of the above-stated facts are disputed by the defendant, but the record discloses that all are sustained by some evidence which was passed upon by the jury.

The defendant's contention that George L. Small was not mentioned in the transaction is answered by the writing which the defendant signed, in which he stated that he had bought and had transferred to him the option of George L. Small, and agreed to convey to George L. Small certain property in consideration thereof. Briefly, but in substance, so far as the controlling issues now for determination are concerned, the defendant contended that Small's alleged option from Smith was not in writing; that it was therefore void under the statute of frauds; that, the option being void, Small had nothing to transfer to the defendant; and that therefore the defendant's agreement to convey property in payment for Small's option was without consideration and unenforceable.

True, the statute of frauds (Civil Code, § 3222) requires that

"any contract for sale of lands, or any interest in, or concerning them" shall be in writing; but this section does not extend to cases "where there has been performance on one side, accepted by the other in accordance with the contract;" nor "where there has been such part performance of the contract as would render it a fraud of the party refusing to comply, if the court did not compel a performance." Civil Code, § 3223 (2, 3). In the instant case the plaintiff had complied with his contract with the defendant, transferred his option to the defendant, and instructed the owner to sell to the defendant under the plaintiff's option to buy. By virtue of this transfer a distinct benefit flowed to the defendant, viz., the procuring of the property at a low price, the elimination of competitive bidders for the property, and the elimination of competitors in the defendant's business near which the property in question was located. And a distinct detriment flowed to the plaintiff, viz., the loss of the opportunity to buy the property at a low figure; the loss of his preference or refusal on the property of which he was prepared to avail himself; and the loss of the opportunity to engage in business in this particular place of advantage under the circumstances. Furthermore, the plaintiff did not have a mere privilege to buy in common with other bidders. He had a preference, or refusal, an *exclusive* privilege to buy, of which he was prepared to avail himself had he not sold this exclusive privilege to the defendant. Mr. Willingham, agent for the owner, testified: "I drew up a sales contract and took $100. Mr. Small stepped out at that time in favor of Mr. Kennington. The contract was drawn up with Mr. Kennington." It will thus be seen that the owner, Smith, through his duly authorized agent, Willingham, recognized and ratified his option to Small by drawing up a sales contract with the party brought to him by Small before the expiration of Small's option. "We do not think that the contract between the plaintiff and the defendant was void for want of consideration. It is true that the contract by the owner of the land to sell it to the plaintiff was unenforceable, because the statute of frauds requires contracts for the sale of land to be in writing, signed by the party to be charged therewith. Civil Code (1910), § 3222. The vendor could have repudiated that contract; but inasmuch as he recognized its binding force" (and drew up the sales contract with the defendant and took earnest money to

bind the trade), "the infirmity of the parol executory contract was cured." *Flagg* v. *Hitchcock,* 143 *Ga.* 380 (2), 381 (85 S. E. 125). Furthermore, the defendant's contention that there was no consideration is disproved also by the agreement which he signed and delivered to the plaintiff; that agreement·showing on its face that the consideration was his "having bought" and "transferred" the option of George L. Small, for which he agreed to give George L. Small a deed to certain property.

The case of *Lyons* v. *Bass,* 108 *Ga.* 573 (34 S. E. 721), relied on by the plaintiff in error, is differentiated by its facts from the case now under consideration. In the *Lyons* case the suit was based on an oral contract. In the instant case the suit is based on a written contract signed by the defendant, the party charged. In the *Lyons* case "Lyons parted with nothing save a bare privilege, not exclusive, but which he enjoyed in common with all other persons" who might wish to buy the property. In the instant case the plaintiff had the *exclusive* right to purchase within a specified time, and was prepared to exercise this exclusive right had he not sold it to the defendant. While the Supreme Court held that the case of *Mathews* v. *Starr,* 68 *Ga.* 521, was not pertinent to the *Lyons* case, we think it is pertinent to the case now under consideration. In the *Mathews* case "property of S. was levied on and advertised for sale. M. agreed that if S. would permit him to buy it at sheriff's sale, and would not have the price run up on him, he would buy and would pay to S. the difference between the price paid at the sale and $1,000, which S. claimed to be a fair valuation. Relying on this, S. made no effort to pay the fi. fa. or stop the sale, as he could otherwise have done. M. bought for $625. S. sued for the balance to complete the $1,000." It was held that the contract was founded on a sufficient consideration, and that "such a contract was not illegal." In the instant case the defendant could not legally lull the plaintiff into a loss of his preference to buy, and then, after the plaintiff's option was gone, make a new trade with the owner to the exclusion of the plaintiff. The plaintiff's option was a thing of value and a legitimate subject for profitable negotiations.

Because of the statute of frauds, the oral option from the owner to the plaintiff to buy the realty was voidable by the owner, but the owner's recognition of that option, by carrying out its terms,

cured this defect. The contract between the plaintiff and the defendant, which was the basis of the suit under consideration, was in writing, was based on a valuable consideration, and, so far as it obligated the plaintiff, was performed; and the defendant, having received the benefit of this performance, is bound by the terms of the contract.

The description of the property mentioned in the written contract, though carelessly made, is sufficiently definite to be the basis of the suit for recovery of damages for a breach of the contract. *King* v. *Brice,* 145 *Ga.* 65 (88 S. E. 960); *Bush* v. *Black,* 142 *Ga.* 157 (82 S. E. 530).

The court committed no reversible error, either in overruling the general and special demurrers to the original and amended petition, or in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur. Bloodworth, J., absent on account of illness.*