19796. POWELL PAVING COMPANY OF NORTH CAROLINA INC. *v.* SCOTT.

STEPHENS, J. 1. In a suit for damages for an alleged breach of a contract of employment, brought by the employee against the employer, where the petition alleged that the contract was for employment for a year, and that the employer breached the contract, to the damage of the employee, by discharging him before the expiration of the term, and where from undisputed evidence it appeared that the defendant was engaged in the construction and paving of a public road, which from its nature was a temporary and not a permanent project, and where the only evidence tending to establish a contract of employment was the testimony of the plaintiff as quoted below, the inference that there was a contract of employment of the plaintiff for the term of at least a year was not authorized, but the evidence authorized the inference that the defendant merely assured the plaintiff that the paving project would last for a year, and that the plaintiff's services on this particular job for which he was employed would be needed by the defendant for a period of at least a year, and where it did not appear that the plaintiff agreed to work for the defendant a year, but it elsewhere appeared, from uncontradicted testimony of the defendant's agent who employed the plaintiff, that the plaintiff was not employed for a year or for any definite period of time, the evidence was insufficient to authorize a finding that the contract was one by which the defendant agreed to employ the plaintiff for any definite period of time, as for a year. The testimony of the plaintiff was as follows: "I had a transaction with Powell Paving Company, or with Mr. Knetsch as their representative, on July 16, 1927. That transaction was about working for them. He wanted to know if I would work with him, and the price wasn't mentioned right then. He made me an offer what he would give, and I told him that I wouldn't take that, because I had a job with the county at so much a month, but I would accept if he would give more, and so it went on a few days and he told me that he would give me $225 a month straight time, and I told him that the

job I had with the county that I couldn't afford to turn it loose for a job just for two or three months, and I could not accept the job unless it was for twelve months or more, and he said that the job would last twelve months if not eighteen, and I told him that I would take it for $225, providing it would be twelve months work in it, and he said there would be that at $225 a month straight time for twelve months if not longer, and I told him I would let him know in a few days whether I would accept it at that price or not, and a few days later I told him I would take it."

2. The verdict for the plaintiff was unauthorized by the evidence, and the court erred in overruling the defendant's motion for a new trial.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 18, 1930.

*A. S. Bradley, A. S. Bradley Jr.,* for plaintiff in error.
*Price & Spivey,* contra.