*J. A. McFarland, R. C. Pittman,* contra.

20882. SCOTT *v.* POWELL PAVING COMPANY OF NORTH CAROLINA INC.

STEPHENS, J. 1. Where a new trial has been granted, the case stands open on the docket ready for trial as if there had been no trial. Civil Code (1910), § 6094; *Anderson* v. *Clark,* 70 *Ga.* 362 (2). This is true notwithstanding that, under the law of the case as laid down by the appellate court when reversing the judgment of the trial court and granting a new trial, the party at whose instance the new trial was granted is, under the evidence adduced upon the trial, entitled, as a matter of law, to a recovery.

2. Although the testimony of a party to a case may as a matter of law preclude a recovery in his favor, it does so only as respects the trial at which the testimony is given. Such testimony does not, by reason of its introduction at one trial, operate as an admission in judicio which would as a matter of law preclude a recovery upon a subsequent trial. *Phœnix Insurance Co.* v. *Gray,* 113 *Ga.* 424 (38 S. E. 992); *Owen* v. *Palmour,* 111 *Ga.* 885 (36 S. E. 969); *Hill* v. *Armour Fertilizer Works,* 21 *Ga. App.* 45 (93 S. E. 511). A party to a case who has testified on a former trial of that case may, upon a subsequent trial of the same case, give testimony in contradiction of his testimony given on the former trial, and, when so testifying, his testimony on the former trial is, when introduced in evidence on the subsequent trial, in the nature of an extrajudicial admission or impeaching testimony, the probative value of which is for the jury.

3. Where a new trial had been granted to the defendant by the appellate court upon the ground that, under the testimony of the plaintiff himself, the plaintiff was as a matter of law not entitled to recover, it was error for the trial court, on the call of the case for a second trial, to dismiss the case, upon motion of the defendant, upon the ground that the testimony of the plaintiff as adduced on the former trial of the case operated to preclude a recovery by the plaintiff.

4. A petition in a suit on a contract is amendable by striking therefrom the alleged date of the execution of the contract and substituting therefor another date as that of the execution of the contract. The court erred in disallowing such amendment.

See the former report of this case in *Powell Paving Co.* v. *Scott,* 41 *Ga. App.* 194 (152 S. E. 309).

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED AUGUST 28, 1931.

*Price & Spivey,* for plaintiff.
*A. S. Bradley, A. S. Bradley Jr.,* for defendant.