22589.  POWELL PAVING COMPANY OF NORTH
CAROLINA *v.* SCOTT.

402

DECIDED AUGUST 26, 1933.

*A. S. Bradley, A. S. Bradley Jr.,* for plaintiff in error.
*Price & Spivey,* contra.

GUERRY, J. E. Y. Scott brought suit by attachment in September, 1928, against the Powell Paving Company, alleging in his declaration that said company had made with him a parol contract, on July 16, 1927, to work for said company, beginning August 1, 1927, for a term of twelve months at and for the sum of $225 a month, and that without cause said company, on December 23, 1927, terminated said contract, which termination resulted in injury and damage to plaintiff in a named sum. The defendant company in its answer denied that it had made any contract for a set time with the plaintiff and alleged that its contract of hiring was by the month. The first trial of this case resulted in a verdict for the plaintiff, and the case came to this court. See *Powell Paving Co.* v. *Scott,* 41 *Ga. App.* 194 (152 S. E. 309). The judgment refusing a new trial was reversed on the ground that the verdict was not authorized by the evidence, the evidence as to the length of time of hiring being too vague and indefinite. When the case went back to the trial court the plaintiff amended its petition by striking July 16 as the date on which the contract was made and alleged that the contract of hiring was entered into on August 1, 1927. On the second trial the court directed a verdict for the defendant, and on a writ of error this court reversed that ruling, for the reason that the plaintiff was not precluded from a recovery merely because his testimony given at the former trial, which was introduced in evidence by the defendant, was contradictory to the evidence given by him in the case then on trial. The court ruled that the probative value of this testimony was for the jury, and that the court erred in directing the verdict. *Scott* v. *Powell Paving Co.,* 43 *Ga. App.* 705 (159 S. E. 895). The case was tried a third time and the plaintiff obtained a verdict for the full amount sued for. The defendant's motion for new trial was overruled and the matter is again before this court for determination.

■ The plaintiff in error now insists very strongly that evidence delivered by the plaintiff in a former trial of this case, and read to him in this trial and adopted by him as being true, as to the present case, shows conclusively that this contract was entered into some time in July, to take effect on August 1, and is therefore void, because such a contract is obnoxious to the statute of frauds, in that it is a contract (not with an overseer) not to be performed within a year. This contention might have weight with this court had the statute of frauds been properly pleaded. In *Tift* v. *Wight & Weslosky Co.,* 113 *Ga.* 681 (39 S. E. 503), it was said: "Whether the contract was void as being within the statute of frauds can not be considered, as no such defense was made on the trial, nor was that question passed on by the trial judge. Such a defense must be specially pleaded. *Johnson* v. *Latimer,* 71 *Ga.* 470." In *Marks* v. *Talmadge,* 8 *Ga. App.* 557 (69 S. E. 1131), the first headnote was as follows: "The defense of statute of frauds is waived unless it is specially pleaded." In the *Tift* case, supra, it was said: "To avail themselves of the privilege of the statute in such a suit, the defendant must plead it, or he will be held to have waived it; because the defendant has the personal privilege to plead it. or waive it; and if he does not do one he does the other." Numerous other authorities might be cited along this line. The defense made by the pleadings was that there was no contract of hiring for any definite time, other than by the month and the evidence introduced by the defendant tended to substantiate this defense. In this connection Judge Powell said in the *Talmadge* case, supra, "Indeed, the defendant in his answer admitted making the contract for the purchase of the rice, and set up as his defense, not that the contract was void for lack of compliance with the statute of frauds, but that the plaintiffs had violated shipping instructions given in connection with the contract. The statute of frauds may be satisfied by an admission made in the pleading, where the party admits the contract and does not, in connection with the admission or otherwise in the pleading, claim the benefit of the statute. *Capital City Brick Co.* v. *Atlanta Ice Co.,* 5 *Ga. App.* 436, 443 (63 S. E. 562)." In the earlier case of *Denmead* v. *Glass,* 30 *Ga.* 637, a motion for nonsuit was made on the ground that the evidence disclosed that the action was within the statute of frauds. This motion was sustained and was held by the Supreme Court to be a

proper method of raising that question. In the *Tift* case, supra, a motion to direct a verdict was made and it was resisted on the ground that the case made out by the plaintiff showed that the cause of action was within the statute of frauds and for that reason was not binding on the defendant. The court directed the verdict notwithstanding, and the Supreme Court said: "There was no question made before the judge which invoked a ruling on the subject as to whether the contract sought to be enforced came within the provisions of the statute of frauds. Their defenses are only to be adjudged by their pleadings and verbal statements to the court are not pleadings." The argument of counsel in the case at bar to the jury and to the court does not make this case an exception to the rule and therefore we hold that the question whether the contract sued upon was within the statute of frauds was not properly before the court, and that any assignment of error involving the application of this statute can not be considered by this court.

■ Headnote 2 needs no elaboration.

■ Due to the fact that we hold that the statute of frauds was not properly pleaded it was immaterial whether the plaintiff proved his contract as made on July 16 or August 1. In a suit on an oral contract the date on which it is alleged the contract was made is not a descriptive averment and a slight variance between the date alleged and the date proved on the trial will not be held to be fatal. See, in this connection, *Williams* v. *Johnson*, 8 *Ga. App.* 651 (70 S. E. 89). The evidence for the plaintiff was that the contract alleged to have been made between the parties was that he was to be hired for the term of 12 months from August 1, at the rate of $225 per month. The evidence of the defendant was to the contrary. We are of the opinion that there was sufficient evidence upon which the jury could find that a parol contract for a definite period of time was made between the plaintiff and the defendant. The jury by their verdict apparently held the same opinion. ' The court, therefore, did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*