24457. BUTLER *et al. v.* GODLEY *et al.*

Decided September 5, 1935. Rehearing denied September 28, 1935.

*F. P. McIntire,* for plaintiffs in error. *Oliver & Oliver,* contra.

Sutton, J. The plaintiffs brought suit for rent against a hus-

band and his wife. It is alleged that the plaintiffs are owners of the leased premises, and that the wife is indebted for such past-due rent by virtue of a lease contract which is attached to the petition. The lease shows that it was entered into by the wife as the tenant and by a named real-estate company as agent of the owners of the demised premises. It is alleged that the husband is liable, because he is head of the family and liable for the necessities of life furnished to his wife and children; and also by reason of his having in writing assumed the indebtedness sued for. Attached to the petition is a letter from the husband to the plaintiffs, stating that if they would bear with him he would pay the rent in full, as he had always done with all of his obligations. Each of the defendants demurred to the petition. The court overruled the demurrers, and the defendants excepted. The court sustained a demurrer to a part of the answer of the wife, and error is also assigned upon this ruling.

A wife may bind herself individually for necessities of life furnished to the family. *Bell* v. *Rossignol,* 143 *Ga.* 150 (84 S. E. 542). As where the credit is extended to the wife individually and exclusively. *Georgia Grocery Co.* v. *Brunson,* 24 *Ga. App.* 484 (101 S. E. 130); *Oliver* v. *Webb,* 12 *Ga. App.* 216 (76 S. E. 1081). Lodgings or a dwelling abode for the family unquestionably constitutes a necessity of life, and an obligation to pay the rent due thereon or therefor is an obligation to pay for a necessity of life for which the wife may become individually liable by express contract. Therefore a covenant to pay rent in a lease made by a married woman is binding upon her separate estate. See 30 C. J. 602, 922, §§ 142, 626. The lease contract on which it is sought to hold the wife liable in this case was executed by the wife as lessee, and by a named realty company as agent for a certain apartment building, as lessor; and the petition shows that such apartment building was owned by the plaintiffs. The wife demurred on the ground that the petition did not show that the realty company was agent for the owners and acted as such in executing this lease. We think that this point is not well taken, because the lease contract and the petition show that the real-estate company was agent of the owners of a certain apartment building, and that the plaintiffs were the owners of this building.

The plaintiffs' petition was also demurred to on the ground that

the lease contract sued on is void and not binding on the wife, because it does not appear that the realty company as such agent had written authority to bind its principal. It is true that where a contract is required to be in writing, the authority of an agent to execute the same on behalf of his principal must likewise be in writing. "Contracts creating the relation of landlord and tenant, for any time exceeding one year, must be in writing [Code of 1933, § 61-102]; and when executed by an agent, the authority of the agent to execute it must likewise be in writing." *Byrd* v. *Piha,* 165 *Ga.* 397 (2) (141 S. E. 48); *Baxley Hardware Co.* v. *Morris,* 165 *Ga.* 359 (6) (140 S. E. 869); *Duke* v. *Culpepper,* 72 *Ga.* 842, 845. The Supreme Court in the *Byrd* case planted its ruling squarely on section 4-105 of the Code, to wit, "The act creating the agency shall be executed with the same formality (and need have no more) as the law prescribes for the execution of the act for which the agency shall be created," and disapproved and declined to follow the prior decision of *Brandon* v. *Pritchett,* 126 *Ga.* 286 (55 S. E. 241, 7 Ann. Cas. 1093), wherein the opposite rule was laid down, the latter case not being a full-bench decision. The cases of *McNamara* v. *Georgia Cotton Co.,* 10 *Ga. App.* 669 (73 S. E. 1092), and *Wesley* v. *Boyd,* 10 *Ga. App.* 9 (72 S. E. 514), following *Brandon* v. *Pritchett,* supra, are therefore squarely in conflict with the ruling made in the later *Byrd* case, which was by a full bench. However, an agreement made on September 26, 1932, reciting that the tenant does lease certain premises and is "to have and to hold the said above-described property from the 1st day of October, 1932, for a term of twelve months thence next ensuing, said tenant paying therefor during said term the sum of $490.80, payable, in advance, in equal monthly installments of $40.90, on the 1st day of each and every month, beginning with the 1st day of October, 1932," is not a lease contract for exceeding one year. Under the statute of frauds (Code of 1933, § 20-401), providing that "Any contract for the sale of lands, or any interest in or concerning them," and/or "Any agreement . . that is not to be performed within one year from the making thereof," has to be in writing, this lease contract would be required to be in writing. *Atwood* v. *Norton,* 31 *Ga.* 507. However, since the enactment of section 61-102 of the Code, these provisions of the statute of frauds do not apply to a contract creating the relation of

landlord and tenant, where made for not exceeding one year. A contract establishing the relation of landlord and tenant for one year, although made before the year begins, may be in parol. *Steininger* v. *Williams,* 63 *Ga.* 475; *Ridgeway* v. *Bryant,* 8 *Ga. App.* 564 (70 S. E. 28); *Gay* v. *Peak,* 5 *Ga. App.* 583 (63 S. E. 650); *Render* v. *Harris,* 25 *Ga. App.* 302 (103 S. E. 179); 49 L. R. A. (N. S.) 820, note. So a real-estate agent is not required to have written authority from the owner of the premises to execute in his behalf a lease contract with a tenant for one year, even though executed sometime prior to the time when it is to begin.

The fact that this lease also provided that "The tenant does covenant and agree to give the landlord, or his agent, not less than three months notice in writing of his intention to give up the premises at the end of this lease prior to the expiration thereof, or at the end of any renewal or renewals thereof; otherwise the lease will be continued in force for a year from its expiration, and from year to year until such notice is given; the landlord to have the privilege of cancelling this lease by giving the same notice," does not make it a lease for longer than a year, under the facts of this case. The premises were occupied for less than twelve months, due notice being given before the expiration of the first year that the tenant did not intend to keep the premises for another year. The plaintiffs brought this suit to recover the rent due for the last six months of the first year. The fact that this lease provided that it would be automatically renewed from year to year in the event the tenant did not give the notice required to the contrary did not, in so far as this case is concerned, make it a lease for longer than one year. *Henderson* v. *Touchstone,* 22 *Ga.* 1; *Burney* v. *Ball,* 24 *Ga.* 505 (4); *Alderman* v. *Chester,* 34 *Ga.* 152 (2); *Springfield Fire & Marine Ins. Co.* v. *Price,* 132 *Ga.* 687, 697 (64 S. E. 1074); *Young Men's Christian Asso.* v. *Estill,* 140 *Ga.* 291, 294 (2) (78 S. E. 1075, 48 L. R. A. (N. S.) 783, Ann. Cas. 1914D, 136). Moreover, the petition does not affirmatively show that the plaintiffs' real-estate agent did not have written authority to execute such a lease contract in their behalf; and the rule is that "Where a contract is of a kind required by the statute to be in writing, the presumption is that it was in writing." *Allen* v. *Powell,* 125 *Ga.* 438 (54 S. E. 137). *Kiser Co.* v. *Padrick,* 30 *Ga. App.* 642 (118 S. E. 791); *Williamson* v. *Calhoun,* 49 *Ga. App.* 631 (2) (176 S.

E. 653). It follows that the court did not err in overruling the demurrer of the defendant wife to the petition on any of the grounds above referred to.

■ The husband is not liable for the rent simply because the same constitutes a necessity of life for his family and because he is legally bound to support his family and provide them with the necessities of life, where it appears under the allegations of the petition that the wife expressly contracted with the landlord to pay the rent for the dwelling abode of the family and that the wife entered into a written lease contract with the landlord to that effect. *Goodson* v. *Powell,* 9 *Ga. App.* 497 (71 S. E. 765); *Mitchell* v. *Treanor,* 11 *Ga.* 324 (56 Am. D. 421); *Bell* v. *Rossignol,* supra; *Conneral* v. *Goldsmith,* 6 *Ga.* 14; *Rushing* v. *Clancy,* 92 *Ga.* 769 (19 S. E. 711); *Manley* v. *Chamberlin-Johnson-DuBose Co.,* 41 *Ga. App.* 31 (151 S. E. 676). Under the allegations of the petition the husband was not liable for this rent.

■ In order to bind the promisor, any promise to answer for the debt of another must be in writing, signed by the party to be charged therewith, or some person by him lawfully authorized. Code of 1933, § 20-401(2); *Few* v. *Hilsman,* 18 *Ga. App.* 207 (89 S. E. 79); *Bedingfield* v. *Lamb,* 19 *Ga. App.* 486 (91 S. E. 793). In order to bind the promisor, the written promise of one who undertakes to pay the debt of another must contain a clear statement of the agreement, indicate knowledge of the amount promised to be paid, and show who is the promisee as well as the promisor. *Johnson* v. *Rycroft,* 4 *Ga. App.* 547 (61 S. E. 1052). The agreement may be gathered from letters written by the promisor. *Borum* v. *Swift,* 125 *Ga.* 198, 202 (53 S. E. 608); *Brooke* v. *Cunningham,* 19 *Ga. App.* 21 (90 S. E. 1037), and cit. "A writing relied on to satisfy that provision of the statute of frauds, which requires a promise to pay the debt of another to be in writing, must either itself or in connection with other writings identify the debt which is the subject of the promise, without the aid of parol evidence." *Pearce* v. *Stone Tobacco Co.,* 125 *Ga.* 444 (54 S. E. 103). Accordingly, the letter of the defendant husband to the plaintiffs, written after the rent sued for had become due and payable, stating: "Your letter of September 28th, was forwarded to me here. I wish to state in reply that I had a very frank talk with Mr. Brown relative to my rent, and assured him that as soon as my share of the

estate came in I would be glad to take care of all delinquent rents. He approved of this arrangement; therefore your letter came as a surprise to me. As for my leaving the Court Apartments without notice, I did not think it necessary, inasmuch as I had a lease on it till October 1st, and of course am liable for rent till then, so could see no harm in vacating three weeks before lease expired, or for that matter any time I wished. I gave Fulton Company [plaintiffs' real-estate agent] due notice of my intention not to renew lease on October 1st. . . If you will bear with me, this matter can be settled satisfactorily to all. A suit will not be necessary and will be needless expense, as I intend to pay this in full as I have always done all of my obligations in the past," together with the lease contract between "Chas. F. Fulton Real Estate Co., . . as agent for Court Apartments," and the defendant wife, dated September 26, 1932, which lease expired on the last day of September, 1933, and by which the dwelling abode of the family of Mr. and Mrs. Butler, the defendants, was rented, was a sufficient compliance with the above principle of law as to be binding on the husband. This part of plaintiffs' petition was not subject to demurrer.

■ The demurrer on the ground that the petition failed to show that the court had jurisdiction of the person of the defendants should have been sustained. *Coney* v. *Horne,* 93 *Ga.* 723 (20 S. E. 213); *Weatherly* v. *Southern Co-operative Foundry Co.,* 111 *Ga.* 826 (36 S. E. 59); *While* v. *A., B. & A. R. Co.,* 5 *Ga. App.* 308 (63 S. E. 234); *Wallace* v. *Southern Express Co.,* 7 *Ga. App.* 565 (67 S. E. 694). While this is true, still it is a defect that may be cured by amendment.

■ The exception to the action of the court in sustaining the demurrer of the plaintiffs to a portion of the answer of the defendant wife can not be considered by this court, under the ruling in *Turner* v. *Camp,* 110 *Ga.* 631 (2) (36 S. E. 76).

For the reasons above stated, the court erred in overruling the defendants' demurrers.

*Judgment reversed.* *Jenkins, P. J., concurs. Stephens, J., concurs specially.*

STEPHENS, J., concurring specially. I concur specially in the judgment of reversal. I am of the opinion that under the allegations in the petition the wife in signing the contract, which was

not under seal, in her own name and not as agent for the husband, although it was a contract to pay for necessities for which the husband under the law is liable to furnish to the wife, became individually liable, and that the petition sets out a cause of action against the wife, as against the general demurrer. I am also of the opinion that where it appears from the petition that the contract was in writing executed by the wife, in her own name, the allegations are insufficient to charge the husband with liability on the contract as principal, where his liability is predicated solely upon the ground that he is "legally chargeable with the necessities of life for his wife." I can not concur in the conclusion announced in paragraph 3 of the majority opinion, that the letter therein quoted from the husband is sufficient as a promise in writing to answer for the debt of another. As I construe this letter, it is not a promise to pay the debt of another. It is no more than an admission by the husband that he was liable as a party to the lease contract, and that he had in the past stated orally that he would be glad to take care of all delinquent rents, and that he intended to pay "this," as he had always paid all his obligations in the past. As I construe the petition it sets out a cause of action against the wife, and not against the husband. I concur in the reversal of the judgment of the trial court overruling the demurrers to the petition upon the ground as stated in paragraph 4 of the opinion, and upon the ground that the petition sets out no cause of action against the husband. Except as here indicated, I concur in the opinion of the majority. See *Beasley* v. *Padgett*, 28 *Ga. App.* 268 (110 S. E. 739), and cit.

### ON MOTION FOR REHEARING.

Sutton, J. It is contended by counsel for defendants in error, in the motion for rehearing, that this case is now moot. This question was brought to the attention of the court prior to the decision of this case, and for this reason the decision was delayed for some time; and a rule nisi was issued, calling upon the plaintiffs in error to show cause why the writ of error should not be dismissed on the ground that the case had become moot. The decision was rendered after a consideration of the response to the rule nisi. In this response it appeared that this case, after the overruling of the demurrers to the petition, to which direct exception was taken to this court, proceeded to final judgment, that a

fund belonging to the defendants in the trial court, or one of them, was tied up by garnishment, that two motions for new trial were pending for sometime in the court below and were finally denied, that the trial judge then ordered that the funds impounded by the garnishment be applied to the satisfaction of the judgment, and that a bill of exceptions to the overruling of the motions for new trial had been presented to the trial judge, which had not been signed by him, but was being held for further consideration as to whether he would sign the same. These facts do not render the case in this court moot. The plaintiffs (there being no supersedeas) were at liberty to proceed with the action in the trial court, but they did so at their peril, and ran the risk, if the judgment of the trial court overruling the demurrers was declared erroneous by this court and was reversed, of having all the subsequent proceedings declared a nullity. *Jordan* v. *Jordan,* 16 *Ga.* 446; *Jones* v. *Hurst,* 91 *Ga.* 338 (3), 343 (17 S. E. 635); *Truluck* v. *Peeples,* 1 *Ga.* 1; *Allen* v. *Savannah,* 9 *Ga.* 286; *Irwin* v. *Jackson,* 34 *Ga.* 101; *Ryan* v. *Kingsbery,* 88 *Ga.* 361 (14 S. E. 596); *Ledbetter* v. *Goodroe,* 48 *Ga. App.* 7, 9, 10 (171 S. E. 872), and cit. It was said in *Jordan* v. *Jordan,* supra, that the plaintiff "may go on with the case or not, at his pleasure. If he chooses to go on, he must do so at his peril. Taking the chances of an affirmance, he must run the risk of a reversal; and as by an affirmance he would gain all the ground he passes over, so by a reversal he must lose it all." The motion for a rehearing is denied.