24968. HARRINGTON *v.* NEESE *et al.*

DECIDED FEBRUARY 18, 1936.

*W. V. Lance, W. N. Oliver,* for plaintiffs in error.
*Wheeler & Kenyon,* contra.

BROYLES, C. J. This was an action on a distress warrant for the rent of a store house building; and the defendant filed a counter-affidavit asking for a recoupment against the plaintiffs because of alleged damage to his goods occasioned by rain falling on them because of a leak in the roof of the building. On the trial, the evidence as to the leak and the damage to the goods was conflicting. The jury returned a verdict in favor of the plaintiffs for $618.46; the defendant's motion for a new trial was denied, and he excepted.

Special ground 1 of the motion for new trial complains of the following excerpt from the charge: "Of course the plaintiffs deny that they are due him anything or damaged him in any respect, but they claim he is due them the rent I mentioned to you a while ago." It is alleged that the charge was error, "because the plain-

tiffs, neither in their pleadings or their evidence, denied that they were due movant anything for injuries or damages to his goods." On the trial of a case arising from the filing of a counter-affidavit and replevy bond to the foreclosure of a distress warrant, "the proceeding becomes a suit to recover rent, the distress warrant operating as a declaration and the counter-affidavit as a plea." *Swain* v. *Nasworthy,* 2 *Ga. App.* 253 (58 S. E. 492), and cit.; and "the petition and answer, without other course of proceeding, shall be sufficient to carry the cause to the jury." Code of 1933, § 81-311. Under the foregoing ruling it was not necessary for the plaintiffs to file pleadings denying the allegation of the counter-affidavit. And the brief of evidence discloses that the plaintiffs did deny that they owed the defendant anything for damages to his goods; nor was the charge error for any of the other reasons assigned. The other excerpt from the charge, complained of, is in the language of the Supreme Court (*Hendley* v. *Brockman,* 124 *Ga.* 1059 (5), 53 S. E. 672), and is not erroneous for any reason assigned.

While the evidence was in sharp conflict and would have supported a verdict for the defendant, it also authorized the verdict returned; and, the finding of the jury having been approved by the judge and no error of law appearing, this court is without authority to interfere.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*