26801. COLLIER *v.* WILSON-WEESNER-WILKINSON CO.

DECIDED APRIL 21, 1938. REHEARING DENIED MAY 9, 1938.

*W. L. Bryan, Carlton Mobley,* for plaintiff.
*Charles W. Bergman, J. C. Savage, Bond Almand,* for defendant.

FELTON, J. ■ Where the owner of personal property orally authorizes his agent to lease it to another for a period of three months, and orally authorizes him to give to the sublessee an option to buy, where the option price of the property is more than $50, the option so given by the agent is not binding on the owner in the absence of facts sufficient to work an estoppel or show ratification of a completed sale. Code, § 20-401(7); *Neely* v. *Sheppard,* 185 *Ga.* 771 (196 S. E. 452); Code, § 4-105; *Kennington* v. *Small,* 36 *Ga. App.* 176 (136 S. E. 326); *Robinson* v. *Odom,* 35 *Ga. App.* 262 (133 S. E. 53); *City Drug Co.* v. *American Soda*

*Fountain Co., 13 Ga. App.* 485 (79 S. E. 376) ;· *Cable Co.* v. *Hancock,* 2 *Ga. App.* 73 (58 S. E. 319); *Byrd* v. *Piha,* 165 *Ga.* 397 (141 S. E. 48); *Butler* v. *Godley,* 51 *Ga. App.* 784 (181 S. E. 494). Accordingly, where such authority rested in parol, and before the option was exercised by the third person the owner notified the agent that the giving of such an option was without his authority, repudiated it in its entirety, and instructed him to retract his proposal, and the agent proceeded to sell the property under the option as his own, he was guilty of a conversion and was liable in trover for the property. The owner was not bound by the option, because the authority to grant it was not in writing; and if it can be said that the agent once had authority to actually consummate the sale of the property by a delivery of it, and a receipt of the purchase-price as agent of the owner, so as to bind the owner, such authority was withdrawn before such actual sale, and there was no evidence that the sale was in any way ratified. There were no facts which would render inapplicable the requirement that the authority to give an option shall be in writing. The evidence adduced on the trial of the case demanded a finding that the defendant was guilty of a conversion.

█ In a trover suit by the owner against the agent, for a conversion of the property, wherein the defendant answered that the owner had authorized the giving of the option and the sale, without alleging whether or not the authority was in writing, presumably it was, and by failure to demur to the answer the plaintiff did not waive his right to attack the validity of parol authority to give an option on the property, the sale price of which was more than $50, by objection to evidence, Code, § 81-311; *Walker* v. *Edmundson,* 111 *Ga.* 454 (36 S. E. 800); *Willis* v. *Sutton,* 116 *Ga.* 283 (42 S. E. 526); *Harrington* v. *Neese,* 52 *Ga. App.* 643 (184 S. E. 329); *Metropolitan Life Insurance Co.* v. *Hale,* 47 *Ga. App.* 674 (171 S. E. 306); *Smith* v. *Hodges,* 8 *Ga. App.* 785 (70 S. E. 195).

█ It was error to admit testimony showing parol authority to execute the option and purchase, over timely objection.

In view of these rulings it is unnecessary to pass upon the other assignments of error. The court erred in overruling the motion for new trial.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*