15747

COOPER v. A. A. A. HIGHWAY EXPRESS, INC., *ET AL.*

(34 S. E. (2d), 589)

*Thomas, Cain & Black,* of Columbia, S. C., and *R. J. Reynolds, Jr.,* of Atlanta, Ga., Counsel for Appellant,

*Nelson, Mullins & Grier, C. T. Graydon* and *F. Ehrlich Thomson,* all of Columbia, S. C., Counsel for Respondent,

July 2, 1945.

Mr. Associate Justice Oxner delivered the unanimous Opinion of the Court:

This action was brought by Charles F. Cooper, respondent, to recover damages for the alleged wrongful breach of a written contract which he claims the A. A. A. Highway Express, Inc., appellant in this action, and its co-defendant, K. D. Brobston, made with him on January 4, 1944. Respondent is a resident of South Carolina. A. A. A. Highway Express, Inc., is a Florida corporation engaged in the business of a common carrier, transacting business within the State of South Carolina. The written contract was entered into and was to be performed in the State of Georgia, and was executed in behalf of appellant by K. D. Brobston as its agent. Appellant denied in its answer that Brobston was authorized to enter into such a contract in its behalf and further pleaded that under the statutes of Georgia, where the contract was made and was to be performed, such a contract is required to be in writing, and if executed by an agent, the agent's authority to execute the contract must also be in writing. Appellant alleged that by reason of the Georgia statute of frauds such a contract was "void and unenforceable".

Under Section 20-401 of the Annotated Code of Georgia, in order for a contract of the nature involved in this action to be "binding on the promisor, the promise must be in writing, signed by the party to be charged therewith, or some person by him lawfully authorized." Under Section 4-105 of the Annotated Code, where such a contract is required to be in writing in order to be binding on the promisor, the authority of an agent to execute same in behalf of the promisor must likewise be in writing. It is conceded that

under the laws of this State the authority of such an agent need not be in writing and may be shown by parol testimony. The question presented is whether the Georgia statute of frauds should be applied in this case. The lower Court refused to apply the Georgia statute on the theory that it did not go to the substantive validity of the contract made in Georgia, but merely to the remedy provided for its enforcement. From this ruling the appellant has appealed. Respondent contends that the Georgia statute does not affect the validity of the contract, but only prescribes a rule of evidence by which it must be proved and, therefore, only affects the remedy. On the other hand, appellant contends that the statute goes to the validity of the contract made in Georgia and affects the substantive rights of the parties.

The Georgia statute means, when applied to contracts made in that State, what the highest Court of that State says it means. Hence, it becomes material to inquire whether the Courts of that State hold that the statute affects the obligation of the contract or the remedy only. To that end the Georgia cases bearing on this question will be briefly reviewed.

In *Armour et al. v. Ross et al.*, 110 Ga., 403, 35 S. E., 787, 791, the Court, in passing on an objection to the testimony of an agent to the effect that he had authority to bind his principals by a certain contract, said: "The ground of this objection was that the agent could not bind his principals by any guaranty, unless the same was in writing, as the value of the fruit was over $50.00. It is claimed that this contract was void under the statute of frauds * * * but by reference to that provision in the Code it will be seen that it is necessary for such a promise to be in writing only for the purpose of making the obligation binding on the promisor. The promisor can avail himself in such a case by a plea that, the statute of frauds requiring the contract to be in writing, the courts cannot enforce a mere oral agreement on the subject. The promisor, on the other hand, can

waive this right, which was evidently intended merely as a personal privilege to him. These views, we think, are sustained by a decided weight of authority."

It was said in *Taliaferro v. Smiley,* 112 Ga., 62, 37 S. E., 106, 108, "that the provisions of the statute of frauds affect only the rules of evidence."

In *Tift et al. v. Wight & Weslosky Co.,* 113 Ga., 681, 39 S. E., 503, 505, the Court said : "It is urged in the brief that, where the plaintiff declares only on the common counts, the defendant is not called upon to plead the statute, but may avail himself of its protection without pleading it; and it is averred that this suit was upon the common counts, 'indebted on open account', etc. In reference to this point, we have first to say that, *as the statute of frauds is treated as not affecting the validity of contracts,* it is a well-established general rule that, unless the privilege of requiring the statutory evidence given by it to the party resisting the enforcement of the contract is sufficiently claimed by him in some proper pleading, the court will proceed with the contract under common-law rules." (Italics ours.) The Court also quoted with approval the following from Browne in his work on the Statute of Frauds: "The operation, then, which the statute has upon a contract covered by it, is that no enforcement of the contract can be had while the requirements of the statute remain unsatisfied, if the party against whom enforcement is sought choose to insist upon this defense. The statute does not make the contract illegal. A contract which was legal and actionable before the statute is legal since, notwithstanding the statute." .

The *Tift case* was followed and quoted with approval by the Court of Appeals of Georgia in the later case of *Powell Paving Co. v. Scott,* 47 Ga. App., 401, 170 S. E., 529.

While the Georgia statute of frauds was not involved in the case of *Obear v. First Nat. Bank of Birmingham,* 97 Ga., 587, 25 S. E., 335, 336, 33 L. R. A., 384, the Court, in discussing generally the question of whether the statute of

frauds lays down a rule of remedial procedure or whether it affects the substance of the contract, said: "Upon the ground that compliance with the requirements of the statute does not constitute the contract, but that the statute (of frauds) presupposes an existing lawful contract, and affects only the remedy for the violation of the contract, it is held that where a contract within the statute is, by the laws of the country where it is made and to be executed, valid and enforceable, still no action can be maintained upon it in the courts of the country where the statute prevails, unless its requirements be satisfied. See Browne, St. Frauds (5th Ed.), §§ 115a, 136, and cases cited; especially the leading English case on this subject, *Leroux v. Brown,* 12 C. B., 801, where the question was argued at some length, and, upon the ground above stated, it was unanimously held by the judges that an action would not lie in the courts of England to enforce an oral agreement made in France, and valid there, which, if made in England, could not, by reason of the statute of frauds, have been sued upon. See, also, the well-considered opinion of Park, J., in the case of *Downer v. Chesebrough,* 36 Conn., 39 [4 Am. Rep. 29], where it was held that the evidence by which the contract was to be proved was no part of the contract itself, and was governed therefore by the *lex fori,* and not by the *lex loci contractus.* 'Any other view of the law,' it was said, 'would lead to endless perplexity. Evidence merely informs the court what contract was made. It has nothing to do with the obligations imposed by the agreement. Parties are presumed to contract in accordance with the laws of the place where a contract is made. The law forms a part of it. But can it be said that the parties contract in regard to the mode by which its terms and conditions shall be made known to the court if a suit should be brought on the contract?' There is some conflict of opinion on this subject, but we think the views above stated are sustained by sound reason, as well as by the weight of authority."

The foregoing cases, we think, support the conclusion that under the construction given to the statute in question by the highest Court of Georgia, it is one affecting the remedy and not one affecting the validity of the contract.

Appellant's counsel call our attention to the following Georgia cases: *Neely & Co. v. Stevens*, 138 Ga., 305, 75 S. E., 159; *Byrd et al. v. Piha*, 165 Ga., 397, 141 S. E., 48; *Blanchard & Calhoun Realty Co. et al. v. Comer*, 185 Ga., 448, 195 S. E., 420; *Collier v. Wilson-Weesner-Wilkinson Co.*, 58 Ga. App., 44, 197 S. E., 516; *Byers v. Harper*, 64 Ga. App., 404, 13 S. E. (2d), 389. Under these decisions it is clear that in an action in the State of Georgia on the contract involved in this case, the contract would not be enforceable because the authority of the agent to execute it was not in writing. Indeed, respondent concedes that this contract would not be enforceable in Georgia. While there may be some expressions in these cases tending to sustain the construction sought by appellant, we do not think the Court intended to modify or overrule the Georgia cases which we have previously reviewed.

The decisions upon the general question of whether a contract is governed, in respect to matters covered by the statute of frauds, by the law of the forum or by the substantive law of the contract, are in irreconcilable conflict. The English case of *Leroux v. Brown*, 12 C. B., 801, 138 Eng. Reprint 1119, decided in 1852, is the leading case on the subject. In that case a suit was brought in England upon an oral agreement entered into in France which was enforceable there. It was held that the fourth section of the English statute of frauds applied to the procedure and that the suit could not be maintained unless the contract was in writing in conformity with the English law. The Court drew a distinction between the words of the fourth section, "no action shall be brought", and those of the seventeenth section, "no contract shall be allowed to be good". The Court concluded

that the fourth section was a statute affecting the remedy and not one going to the validity of the contract. This decision has been followed in numerous cases in this country; it has been criticized in others, particularly that part drawing a distinction between the fourth and seventeenth sections of the English statute. Most of the American decisions passing upon the nature and character of the statute of frauds may be generally divided into three groups: (1) Those that adopt the distinction laid down in *Leroux v. Brown* and make the question as to the governing law turn upon the point whether the particular provision under consideration is drawn in a procedural form or in a substantive form; (2) those that reject the distinction and treat the provisions of the statute, regardless of their form, as essentially substantive; and (3) those that also reject the distinction based upon the procedural or substantive form of the provisions, but treat the provisions of the statute regardless of form as essentially procedural and not substantive. The cases adhering to the various theories above referred to are extensively annotated in 105 A. L. R., beginning on page 652. The annotator states that in his opinion the view that these provisions should be regarded as essentially substantive, irrespective of their form, has better support in principle.

The question is ably discussed by Professor Lorenzen in 32 Yale Law Journal, p. 311. The author sums up his conclusions as follows: "(1) The fourth and seventeenth sections of the statute of frauds affect the substantive rights of the parties and not merely procedure, and matters falling within their provisions are controlled by the law governing the formalities of contracts in general. (2) The statute of frauds is not expressive of a public policy from the standpoint of the Conflict of Laws, so as to preclude the enforcement of a foreign contract. A contract satisfying the requirements of the proper foreign law will therefore be enforced, although it does not meet the requirements of the

statute of frauds of the forum. (3) The peculiar nature of the statute of frauds makes it desirable, at least as a matter of legislative policy that contracts not enforceable under the statute of frauds of the state whose law determines the formalities of contracts in general shall be enforced nevertheless if they meet the requirements of the statute of the forum."

Adverting to our own decisions, in *Exchange Bank v. McMillan,* 76 S. C., 561, 57 S. E., 630, 634, the Court stated that where the phraseology of the statute of frauds is similar to that contained in the fourth section of the English statute, which provides that no action shall be brought, etc., the rule "is that the *lex fori* governs, because the statute relates to the remedy, and not to the validity of the contract." The Court then quotes with approval the case of *Leroux v. Brown.*

Appellant contends that the quoted expression from our case of *Exchange Bank v. McMillan* is mere *dictum* and that the question under discussion is still an open one in this State. But this we find it unnecessary to decide, as we are not called upon in this case to determine whether our statute of frauds, or any part thereof, is substantive or procedural and evidentiary. Nor is it necessary that we pass generally upon the question of the nature and character of the statute of frauds. We do not attempt to intimate any opinion on the conclusions reached by Professor Lorenzen which we have quoted. It will be noted, however, that although Professor Lorenzen adopts the view that the statutes of frauds affect the substantive rights of the parties, the conclusion of the lower Court in this case is in accord with the third conclusion which he reaches.

We shall not undertake to place our own interpretation upon the Georgia statute involved in this case. We shall be content with the construction which the Georgia Courts have given their statute. They have construed it as not relating to the validity of the contract. Under the decisions of Georgia, if this contract had been made

in South Carolina, where the authority of the agent to execute same need not be in writing, and suit had been instituted thereon in Georgia, the Courts there would have applied the Georgia statute and held the contract unenforceable although it would have been valid in this State where made. When the contract in question was made in Georgia, the parties were charged with knowledge that the provision requiring the authority of an agent to be in writing related merely to the remedy and not to the validity of the contract. It is too well settled to require citation of authority that with respect to matters affecting the remedy, the *lex fori,* and not the *lex loci contractus,* governs. Under these circumstances, the Court below was correct in holding that the Georgia statute did not apply and this ruling is affirmed.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUSTICES FISHBURNE, STUKES and TAYLOR concur.