31686.   CARROLL *v.* WITTER *et al.*

DECIDED SEPTEMBER 9, 1947.

634

W. F. Moore, for plaintiff in error.

Camp & Boyd, Clifford Hendrix, contra.

GARDNER, J. The plaintiff contends that the house was livable on January 15th, but we think that the judge was authorized to find from the evidence that it was not livable at that time, as the plaintiff himself admitted that there were no floors, no bathtub or shower, no plumbing, and no sink. It does not, therefore, seem that the apartment was livable when the specified time for occupancy arrived, which time is not disputed by either party. It is clear that each party understood the agreement and there is no dispute as to the interpretation of the terms, or the time of consummation. No "reasonable time" is involved, but a *specific* time, January 15th, is shown in the testimony to be the time at which the apartment was to be delivered to the defendants for occupancy. Therefore the case of *Northington-Munger-Pratt Co.* v. *Farmers Gin & Warehouse Co.,* 119 *Ga.* 851 (47 S. E. 200, 100 Am. St. R. 210), cited by the plaintiff, does not apply to the facts of this case.

Also, the facts in *Henderson* v. *Willis,* 160 *Ga.* 638 (128 S. E. 807), are not such as would aid or harm the plaintiff in the instant case, as a cursory reading of the case, an equitable petition to enjoin completion of a sale of land, will differentiate it from the facts of the instant case.

Likewise, the case of *Rice* v. *Ware,* 3 *Ga. App.* 573 (60 S. E. 301), does not apply, as the parties in the instant case certainly did not come to a point which was a mutually satisfactory compliance with the spirit of the terms of the agreement.

Neither can this court agree with the proposed premise that the noncompliance in the instant case be legally justified and controlled by the case of *Hixon* v. *Cubine,* 182 *Ga.* 446 (185 S. E. 714), wherein the facts are entirely at variance with the facts of the instant case.

The case of *Albany Phosphate Co.* v. *Hugger,* 4 *Ga. App.* 771 (62 S. E. 533), is not controlling authority for reversal of the instant case, because in that case alleged damages because of lost rent was the subject of recovery, while in the instant case the $600 advanced by the prospective renters is the subject-matter of the suit. The facts involved in *Georgia Power & Light Co.* v. *Fruit Growers Express Co.,* 55 *Ga. App.* 520 (190 S. E. 669), differentiate that case from the instant one. And Code, § 2-907 does not control the facts of the instant case, as it is not shown that the defendants have been restored to the condition in which they were before the contract was made.

The statute of frauds has no application in the instant case, not being specially pleaded. *Marks & Powell* v. *Talmadge's Sons & Co.,* 8 *Ga. App.* 557 (69 S. E. 1131); *Powell Paving Co. of North Carolina* v. *Scott,* 47 *Ga. App.* 401 (170 S. E. 529). Moreover, the contract was fully executed by the defendants, and accepted by the plaintiff. This takes the case out of the statute of frauds.

The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*