Augustus Thomas, plaintiff in error, *vs*. The State of Georgia, defendant in error.

1. An order to "pay this man" is the equivalent of an order to pay to bearer, and an indictment for forgery may be predicated thereon, even though it be not dated.
2. The offense need only be set forth in the language of the Code, or so plainly that the nature of the offense may be readily understood by the jury.
3. Forging and uttering forged paper, being grades of the same offense, may be joined in the same count.
4. Where the order was directed to "Mr. Smith," and the indictment charged its forgery and utterance with intent to defraud Joseph Smith, a merchant on McDonough street, evidence that it was presented at his store was properly admitted.
5. Writing acknowledged by the defendant to have been done by him, was admissible for comparison with the forged order.
6. Good character is only available as a defense in doubtful cases
7. The nature of the instrument forged being in question, there was no error in charging §4451 of the Code, in regard to the forgery of instruments not previously provided for.
8. The verdict is supported by the evidence.

Criminal law. Forgery. Evidence. Indictments. Charge of Court. Before Judge Underwood. Fulton Superior Court. April Term, 1877.

Thomas was indicted for forgery. The body of the indictment was as follows : " Did fraudulently and falsely make, forge and counterfeit an order on Mr. Smith, meaning Joseph Smith, a merchant of the county and state aforesaid, doing business on McDonough street, in the city of Atlanta,

which order is in the words and figures, as follows, to-wit: 'Mr. Smith, will you please pay this man $2.50 and charge to me. Signed, Mrs. Rockenbore,' with intent then and there to defraud the said Joseph Smith, and did utter and publish as true the said forged and counterfeit order with intent to defraud the said Joseph Smith, knowing the same to have been falsely and fraudulently made, forged and counterfeited."

Defendant demurred to the indictment generally, and also on special grounds, to-wit :

(1.) Because the order was not one calculated to deceive a person of ordinary discretion.

(2.) Because it was not dated.

(3.) Because of the want of any allegation that the order was issued, or purported to have been issued, by Mrs. Rockenbore.

(4.) Because the terms of the order—" pay to *this man* "— were sufficient to put the payee on inquiry as to its possession, and in themselves to prevent any deception or fraud.

(5.) Because forging and uttering were joined in the indictment.

The demurrer was overruled. The jury found a verdict of guilty. Defendant moved for a new trial on the following, among other grounds :

(1.) Because the verdict was contrary to law, contrary to the evidence, and to the charge of the court.

(2.) Because the court allowed McWaters, a witness for the state, to testify, over objections of defendant's counsel, that the order directed to " Mr. Smith " was presented at the store of Mr. Joseph Smith, on McDonough street.

(3.) Because the court admitted in evidence, over objections of defendant's counsel, an envelope on which was writing which one of the witnesses swore defendant stated had been done by him.

(4.) Because, after charging, at defendant's request, that if the jury had a reasonable doubt of the identity of the offender and the prisoner, coupled with his good character, and the

time that had elapsed between the offense and the arrest; they should acquit; the court added the following qualification: "that good character was available only in doubtful cases."

(5.) Because the court charged §4451 of the Code.

The motion was overruled, and defendant excepted.

E. A. ANGIER; FRY & KING, for plaintiff in error.

B. H. HILL, solicitor general, by R. H. BRUMBY and W. T. TRIPPE, for the state.

WARNER, Chief Justice.

The defendant was indicted for the offense of "forgery," and on his trial therefor was found guilty. A motion was made for a new trial on the several grounds therein stated, which was overruled by the court, and the defendant excepted.

1–3. The defendant was charged in the indictment with having fraudulently and falsely made, forged, and counterfeited an order for money on Mr. Smith, meaning Joseph Smith, a merchant of the county and State aforesaid, doing business on McDonough street, in the city of Atlanta, which order is in the words and figures as follows (to-wit): "Mr. Smith, will you please pay this man $2.50 and charge to me." Signed, "Mrs. Rockenbore," with intent then and there to defraud the said Joseph Smith, and did utter and publish as true the said forged and counterfeited order, with intent to defraud the said Joseph Smith, knowing the same to have been falsely and fraudulently made, forged and counterfeited. On being arraigned, the defendant filed a general and special demurrer, in writing, to the sufficiency of the indictment, which was overruled by the court, and that is one of the errors complained of. There was no error in overruling the defendant's demurrer to the indictment. The words "pay this man," mean pay to the man who presents this paper, and are equivalent to the words, "pay the

bearer." The offense is alleged in the terms and language of the Code, or so plainly that the nature of the offense might have been easily understood by the jury. Code, section 4628. Different grades of the offense may be charged in the same count in the indictment. *Long vs. The State*, 12 *Ga. Rep.*, 293.

4. There was no error in admitting the evidence of Mc-Waters, that the defendant presented the order at Mr. Joseph Smith's store on McDonough street, in view of the allegations contained in the indictment.

5. There was no error in admitting in evidence the envelope on which was writing proved to be in the handwriting of defendant, under the provisions of the 3840th section of the Code, it not appearing in the record that its admission was objected to on the ground that it had not been submitted to the defendant before trial as required by that section.

6. There was no error in the charge of the court as to the defendant's good character, according to the ruling of this court in *Epps* vs. *The State*, 19th *Ga. Rep.*, 102.

7. The court did not err in giving in charge to the jury the 4451st section of the Code, under the ruling of the court in *Hoskins* vs. *The State*, 11th *Ga. Rep.*, 92.

8. If the jury believed the witnesses sworn on the part of the state, and that was a question for them, there is sufficient evidence in the record to support the verdict, therefore it is not contrary to law.

Let the judgment of the court below be affirmed.