STATE *v.* INTOXICATING LIQUOR, ROYAL ADAMS, CLAIMANT.

May Term, 1899.

Present: ROWELL, TYLER, MUNSON, START, THOMPSON and WATSON, JJ.

Opinion filed April 26, 1900.

*Intoxicating liquor—Res judicata—*An acquittal of a respondent in a prosecution for keeping certain liquors with unlawful intent is conclusive in favor of the same person as claimant in a proceeding looking to the forfeiture of the same liquors on the ground that they were kept with unlawful intent, if the intent in both proceedings is referable to the same time, and his ownership and custody of the liquors at that time are found.

*Judgment in a criminal case as evidence in a civil proceeding—*While the rules governing the admissibility of judgments will ordinarily prevent the use, in a civil proceeding, of a judgment previously rendered in a criminal case, the mere fact that the one proceeding is civil, and that the other was criminal, does not render the doctrine of *res judicata* inapplicable.

*Same—Proceeding in rem is inter partes as to claimant*—Though a proceeding for the forfeiture of liquor is, in its nature, *in rem*, when one comes in as a claimant, it is, as to him, a proceeding *inter partes*, and he is entitled to the benefit of a previous adjudication of the same question in a proceeding between himself and the State.

*Mutuality of right*—In respect to the use in a civil case, to which the State and a claimant are parties, of a judgment obtained in a criminal case between the State and the claimant as respondent, no reason is seen why there is not mutuality of right between the State and the claimant.

PROCEEDING FOR CONDEMNATION of certain liquors taken from the possession of the claimant upon search and seizure proceedings in November, 1898. Trial by Court, Windsor County, December Term, 1898, *Taft*, J., presiding. Judgment that the liquors be forfeited and that the claimant pay the costs of the proceeding. The claimant excepted.

*J. G. Sargent*, State's Attorney, for the State.

*William E. Johnson* for the claimant.

MUNSON, J. This is a proceeding for the condemnation of certain liquors found in the possession of the claimant. On trial, the claimant offered a certified copy of the record of his acquittal on a charge of keeping with unlawful intent, and in connection therewith, evidence that both proceedings related to the same liquor. The court found that the liquors sought to be condemned were the property of the claimant and the same as those involved in the prior adjudication, but excluded the record of the judgment as immaterial.

It appears then to have been judicially ascertained, in a proceeding between the State and this claimant as a respondent, that these liquors were not kept with an intent to dispose of them unlawfully, and if that fact were shown in this proceeding, it would be conclusive against the right of condemnation. It is apparent that a finding as to intent upon one day would not be conclusive as to the intent upon some other day; but counsel treat both these proceedings as referable to the same date, and we take that to be the meaning of the exceptions.

It is said that this proceeding is civil and not criminal in its nature, and that a judgment in a criminal case cannot be used in a civil action as proof of the facts determined. Undoubtedly the rules governing the admissibility of judgments will ordinarily prevent this use, but the mere fact that one proceeding is civil and the other criminal does not render the doctrine of *res judicata* inapplicable.

But it is said that the doctrine is applicable only where the parties are the same, and that the parties to the record offered and the parties to this proceeding are not the same. It is true that this is in its nature a proceeding *in rem;* but when one comes in as a claimant it is, as to him, a proceeding *inter partes,* and he is entitled to the benefit of a previous adjudication of the question in a proceeding between himself and the State. *Coffey* v. *United States,* 116 U. S. 436: Book 29 Law. Ed. 684.

It is objected further, however, that there must be mutuality of right, and that if the judgment rendered had been in favor of the State it could not have been produced against the claimant. We see no reason why it could not. The proceeding was one in which the respondent was entitled to a jury, and to testify in his own behalf, and to have the fact ascertained beyond a reasonable doubt. He could have been entitled to no greater safe-guards upon an inquiry in this proceeding.

*Judgment reversed and cause remanded.*