# Mitchell *v.* The State.

*Indictment for Arson.*

1. *Indictment for arson; admissibility of evidence of defendant's commission of other offenses.*—On a trial under an indictment for arson, after the introduction of circumstantial evidence tending to show that the house of the person named in the indictment was, in the night time, set on fire by defendant and partially burned, and there is also evidence that the defendant entertained enmity toward the person named in the indictment as the owner of the house and her brother, and had threatened both of them, it is competent to allow the State to introduce evidence to show that on the same night and near the same time of the burning of the house of the person mentioned in the indictment, the house of the brother of the said person was intentionally burned, and that after the fire the tracks of a woman's shoe, of the number worn by the defendant, were found leading from said last named house; such testimony being material to show the intent with which the act charged was committed, or to the identity the accused as the person who committed the act.

2. *Same; same; introduction of former acquittal.*—In such a case, where such evidence as stated above is introduced, it is permissible for the defendant to introduce in evidence the record of the court showing that at the last term of said court the defendant had been tried and acquitted of the burning of the house of the brother of the person named in the indictment, as the owner of the house alleged to have been burned in the pending case; such evidence being admissible under the doctrine of *res adjudicata.*

3. *Arson; admissibility of evidence.*—On a trial under an indictment for arson, where there is some evidence tending to show that the defendant had been accused of burning the house of a person other than the one named in the present indictment, and had been tried and acquitted, it is no. competent to ask a witness as to whether his testimony was the same as it was when he testified as to the burning of the other house, for which the defendant had been acquitted.

4. *Charge as to reasonable doubt.*—In the trial of a criminal case, a charge which instructs the jury that "a reasonable doubt is

[Mitchell v. The State.]

a doubt for which a reason can be given," is misleading and properly refused.

APPEAL from the City Court of Montgomery.

Tried before the Hon. WILLIAM H. THOMAS.

The appellant in this case, Patsy Mitchell, was indicted and tried for arson in the first degree, for willfully setting fire to or buring a dwelling house in which there was at the time a human being, was convicted of arson in the first degree, and sentenced to the penitentiary for ten years. The facts of the case relative to the rulings of the trial court on the evidence, which are reviewed on the present appeal are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the defendant requested the court to give to the jury the following written charge, and duly excepted to the court's refusal to give the same as asked: "The court charges the jury that a reasonable doubt is a doubt for which a reason can be given."

WARREN S. REESE, for appellant.—The judgment should be reversed in this case, because of the fact of the admission of the court below of any testimony touching the burning of Rafe Murphey's house, and more particularly permitting Mr. Haigler to testify as to his finding a track made by a number 5 woman's shoe at Rafe Murphey's house the morning after the burning, and that defendant wore a number 5 shoe. It was impossible for this testimony to go to the jury without prejudicing the rights of the defendant, because the limiting of the admission of this testimony by the court below as explained by the trial judge simply for the purpose of shedding light upon the burning of Sue Harris' house could not correct the injury done, nor take from the mind of the jury the fact that defendant might have burned Rafe Murphey's house, and if so would show more reason for supposing that she also burned Sue Harris' house.—*New York v. Molineux,* 168 N. Y. Ct. Ct. App. 293; *Hall v. People,* 6 Parker C. R. 671; *Shaffer v. Commonwealth,* 73 St. Rep. 65.

[Mitchell v. The State.]

MASSEY WILSON, Attorney-General, for the State. It was clearly competent for the State to prove the burning of Rafe Murphey's house, it appearing that defendant had a motive for the burning of both houses, affording the inference that both offenses formed part of the same transaction.—*Lowe v. State,* 134 Ala. 154; *Miller v. State,* 130 Ala. 1, 13; *Hawes v. State,* 88 Ala. 37, 67; *Stanley v. State,* 88 Ala. 154; *Gassenheimer v. State,* 52 Ala. 313; *Ingram v. State,* 39 Ala. 247.

That defendant had been acquited of the charge of burning the house of Rafe Murphey, was irrelevant and immaterial to the issues in the case. The fact that she had been acquitted would not authorize the inference that she was not in fact guilty of the crime. The evidence offered on that trial may have been insufficient for her conviction, or for some technical reason she may have been acquitted. Moreover, had such evidence been introduced the State might have gone further and introduced evidence of her guilt of that crime, and thus the issues would have been multiplied to an unreasonable and unnecessary length, and the defendant be again tried for the crime of which she was acquitted.—*Carden v. State,* 84 Ala. 417-419; *McQueen v. State,* 108 Ala. 54; *Noblin v. State,* 100 Ala. 13; *Haley v. State,* 63 Ala. 83, 86; *Fincher v. State,* 58 Ala. 215, 220; *Bullard v. Lambert,* 40 Ala. 204, 210-211.

SHARPE, J.—The defendant was convicted on an indictment charging her with burning the house of Sue Harris. On the trial after the introduction of circumstantial evidence having a tendency to show that the house of Harris was in the night time set on fire by defendant and partially burned, the State was, against objection, allowed to introduce evidence to show that on the same night and near the same time of that burning, the house of one Murphey, which stood about 450 yards from the house of Harris, was intentionally burned, and to show further that after that fire tracks of a woman's shoes of the number worn by defendant were found leading from Murphey's. A rule applicable in criminal prosecutions generally, renders inadmissible evidence of

any offense other than that for which the prosecution is had.   To this rule there are exceptions such as are mentioned in *Gassenheimer v. State,* 52 Ala. 313, and in *Curtis v. State,* 78 Ala. 12, in which latter case it was said: "When it is material to show the intent with which the act charged was committed, to illustrate its criminality, or to identify the accused as the person who committed the act, such evidence is admissible."   The jury was instructed "not to consider the evidence as to the burning of Murphey's house except so far as it might tend to show a guilty agency or intent in the burning of the house of Harris," and there was evidence that defendant having enmity towards Murphey and Sue Harris had said she would "fix both him and his sister Sue Harris."   Such utterances of defendant, if made, may have implied a threat to injure both of the persons at whom it was directed, and the burning of Murphey's house, if attributable to her, might by the jury have been considered as done in the execution of that threat; and, therefore, the evidence in question was, in connection with the evidence of the threat, admissible as tending to identify defendant as the person who fired the house of Harris and to show such firing was done with criminal intent.

Such evidence having been adduced by the State the court should not have rejected the offer of defendant, which, according to the bill of exceptions, was "to introduce before the jury the record of the city court showing that at the last term of the city court said defendant had been tried and acquitted of burning Rafe Murphey's house."   The evidence so offered was admissible under the doctrine of *res adjudicata* whereof it has been well said: "A final judgment on the merits determining any issue of law or fact after a contest over it, forever sets at rest, and fixes it as a fact or as the law in any other litigation between the parties."—Van Fleet's Former Adjudication, 2, *et seq.*   "And a record of conviction of the defendant in the same jurisdiction being an adjudication in which the same parties were litigants may be conclusive when showing a relevant fact." Wharton's Crim. Ev. (9th ed.) § 602, a.   See also *Com.*

*v. Evans,* 101 Mass. 25. Whether the production in evidence of a record such as defendant offered to produce would have rendered the State's evidence of the burning of Murphey's house subject to exclusion is not a question here raised or determined.

The question asked the witness Haigler as to whether "his testimony was the same as it was when he testified as to the burning of Rafe Murphey's house, for which the defendant had been acquitted," was too indefinite to serve for impeaching the witness and cannot be considered as an offer to prove an acquittal of defendant in respect to Murphey's house, such acquittal being merely assumed in the question.

The charge requtested by the defendant was misleading as was said of a similar charge in *Avery v. State,* 124 Ala. 20.

For the error in rejecting the offer above referred to, the judgment will be reversed and the cause remanded.

Reversed and remanded.

