### 4020.   BLOUNT *v.* THE STATE.

RUSSELL, J.   1. The ruling on the demurrer to the indictment is fully controlled by the ruling of this court in *Nalley* v. *State,* ante, 15 (74 S. E. 767), and decisions therein cited.

(*a*) The charge of forgery and that of uttering and publishing a forged paper may be joined in the same count.

2. An intent to defraud is an essential ingredient of the offense of uttering and publishing a forgery, and the court in this case having omitted to properly instruct the jury that in order to constitute the offense, the intent to defraud must be shown, a new trial will be granted.   The jury should be instructed that they must be satisfied that the writing mentioned in the indictment was forged or uttered (as the case may be) with an intent to defraud, or they should acquit the defendant.   A new trial is more readily granted because of the fact that the evidence of fraudulent intent is very weak and unsatisfactory.     *Judgment reversed.*

DECIDED JUNE 5, 1912.

Indictment for forgery, etc.; from Liberty superior court— Judge Sheppard.   December 14, 1911.

The indictment charged J. M. Blount "with the offense of forgery, for that the said J. M. Blount, in the County of Liberty and

State of Georgia aforesaid, on the 12th day of October, in the year of our Lord 1907, with force and arms, did falsely and fraudulently pass and tender in payment, and utter and publish, a forged and counterfeited check, knowing the same to have been falsely and fraudulently forged and counterfeited, said check being as follows: 'J. L. DeLoach, Naval Stores. Daisy, Ga., Oct. 12th, 1907. Pay to the order of Cap Hendry $94.50, ninety-four & 50/100 dollars. J. L. DeLoach. To the Tattnall Bank, Reidsville, Ga.,' said check being then and there endorsed on the back, 'Cap Hendry;' in that the said J. M. Blount did falsely and fraudulently endorse and procure to be endorsed on the back of said check the name of said Cap Hendry, without the knowledge or consent of said Cap Hendry, and did falsely and fraudulently pass and tender in payment the said check to one J. W. Hardee, knowing the same to have been falsely and fraudulently forged and counterfeited as aforesaid, and did receive certain lawful money of the United States of America by reason of said forged and counterfeited endorsement of the name of Cap Hendry aforesaid, knowing the same to have been fraudulently and falsely forged and counterfeited; contrary to the laws of said State," etc.

The demurrer was on the grounds that no offense is charged in the indictment, and that two separate and distinct offenses are charged in one count.

*Way & Burkhalter,* for plaintiff in error.

*N. J. Norman,* solicitor-general, *Edwin A. Cohen,* contra.