# In re Gottesfeld.

*Attorneys-at-law—Disbarment proceedings—Conviction of crime —Res adjudicata.*

1. A particular sentence imposed or judgment rendered by a court having jurisdiction cannot be reviewed collaterally in any other court in any kind of proceeding.

2. Where an attorney-at-law was convicted in a Federal Court of conspiring to conceal assets from a trustee in bankruptcy, and was sentenced, and upon application by the local bar association a rule was granted upon such attorney to show cause why he should not be disbarred, and the attorney filed an answer which alleged that he was not guilty of the offense of which he had been convicted but which did not impeach the record, the guilt of such attorney was a fact established of record, and could not be disputed collaterally and the Court of Common Pleas made no error in entering a decree of disbarment.

Argued March 31, 1914. Appeal, No. 84, Jan. T., 1914, by Samuel J. Gottesfeld, from decree of C. P. No. 1, Philadelphia Co., March T., 1913, No. 5762, ordering his name to be stricken from the roll of attorneys In re Samuel J. Gottesfeld. Before FELL, C. J., BROWN, ELKIN, STEWART and MOSCHZISKER, JJ. Appeal dismissed.

Petition for the disbarment of an attorney. Before PATTERSON, J.

The opinion of the Supreme Court states the facts.

The court granted the prayer of the petition. Samuel J. Gottesfeld appealed.

*Error assigned* was the decree of the court.

*Harry Shapiro,* for appellant.

*John Hampton Barnes,* with him *William B. Linn,* for appellee.

OPINION BY MR. JUSTICE STEWART, May 11, 1914:

The appellant was a regularly admitted practitioner of law in the several courts of Philadelphia County, when on the 29th of September, 1911, he was indicted, with another, in the Circuit Court of the United States charged with conspiring to conceal assets from a trustee in bankruptcy. To this indictment he pleaded not guilty, and after trial was duly convicted and sentenced

to a term in the penitentiary. While serving the term of his imprisonment the Law Association of Philadelphia presented its petition in Court of Common Pleas No. 1, setting forth therein the above facts, accompanied with a copy of the indictment and record of the conviction, asking that a rule be granted requiring him, Samuel J. Gottesfeld, to show cause why he should not be disbarred and his name be stricken from the roll of attorneys of that court. · The rule having issued the appellant filed an answer in which he admitted the fact of his conviction in the manner set forth in the petition, but denied his guilt, averring circumstances which led to his conviction which, in his view, imputed no actual guilt on his part. Later he filed a petition alleging that because of his confinement in the penitentiary he was prevented from properly defending himself, asking that a rule issue directed to the Law Association to show cause why a continuance of the proceeding should not be allowed and he afforded an opportunity to be heard. September 29, 1913, the court dismissed the rule for continuance and made absolute the rule to show cause why appellant should not be disbarred. The present appeal is from these several decrees. The burden of appellant's complaint is that he was denied an opportunity to impeach, not the record of his conviction, for that was admitted, but the verdict that condemned him. In other words, he asserts that he was not guilty of the offense for which he was tried and convicted and insists that because the court gave him no opportunity to establish his freedom from guilt he was condemned unheard. The case calls for but little comment. It is fundamental that a particular sentence imposed, or judgment rendered, by a court having jurisdiction cannot be reviewed collaterally in any other court in any kind of a proceeding. The nature of the judgment has no effect on the operation of the rule. A decree with regard to the personal status of the individual is equally conclusive with a decision upon right of property. Such decree, or judgment, is in the

nature of judgment in rem. "Thus judgment of outlawry not merely declares the party an outlaw, but renders him so, and is therefore a judgment in rem., and resembles the Act of the Ecclesiastical Court depriving a man of his preferment, etc."

Note to Duchess of Kingston Case, 2 Smith's Leading Cases, 751.

The doctrine of res judicata applies whether the judgment be in civil or criminal proceeding, and, once rendered, the party convicted may not thereafter dispute the truth thereby established. The appellant had no right to a further hearing on the question of his guilt. His guilt was a fact established by an unchallenged record of a court of competent jurisdiction and was no longer open to dispute. A decree of disbarment followed necessarily. It was of no consequence that in committing the offense of which he was convicted appellant was exercising no function of his professional office. The offense was in its nature crimen falsi, involving employment of falsehood to injuriously affect the administration of public justice, and was therefore an infamous offense. The disbarment that followed was not punitive, but protective simply. Courts can command public confidence only as those who serve therein are themselves observant of the law which it is the duty of the courts to enforce. In his high office the attorney-at-law is a minister of justice; he ceases so to be when, whether in the line of his professional work or outside of it, he prostitutes his knowledge of the law and the skill he has acquired therein to thwart the law by deceit and falsehood in its one and only purpose, viz, to accomplish distributive justice among men. Such was the offense of which the appellant was found guilty; the sentence and judgment established his disqualification for the high and responsible office he held, and the record of his conviction, once brought to the attention of the court was ample warrant in itself for the decree of disbarment that followed. The appeal is dismissed at costs of appellant.