## 6038.   CURTIS *v.* THE STATE.

1. The offense of forgery may be committed by forging a paper not purporting to be formally signed by any one, if the language of the paper clearly discloses who is the person intended to be considered as the writer.

2. It is sufficient that the offense of uttering a forged paper is charged in the language of the statute which defines the offense.

3. It was not a good ground of demurrer to the indictment that the paper alleged to have been forged, which was addressed, "Mr. Griffin," did not of itself indubitably indicate the person intended.

4. There was no error in overruling the motion for a new trial. The evidence supported the allegations of the indictment, the question whether the main witness for the State was or was not an accomplice was one of fact for solution by the jury, and there was testimony sufficient to authorize the jury to find that the testimony of this witness was corroborated. The charge was full and fair, and the statement of the judge that "the defendant insists that the witness Selman was guilty himself of the crime of forgery," when considered with what preceded and followed it, is not subject to exception as being an expression of opinion by the court.

(a) On the trial of a criminal case it is not conclusively to be presumed that a codefendant of the defendant on trial was an accomplice or was guilty of the offense, although he may have previously entered a plea of guilty.

DECIDED AUGUST 5, 1915.

Indictment for forgery; from Floyd superior court—Judge Wright.   September 26, 1914.

*Eubanks & Mebane, F. W. Copeland,* for plaintiff in error.

*W. H. Ennis, solicitor-general, W. B. Shaw,* contra.

RUSSELL, C. J.   1-3.   The defendant was indicted for the offense of forgery.   He demurred to the indictment generally, and on the ground that the alleged forged order which was set forth in the indictment was not such an order as could be the subject of a forgery, because it showed that no person signed the order.   The order alleged to have been forged was as follows: "Rome, Ga., August 18, 1911.   Mr. Griffin, please let Charlie Barron have $40.00 to oblige Shaw Buchanan, he wanted to go home and I sent him to you."   We think that the order can reasonably be construed as purporting to be signed by Shaw Buchanan, and that the words "to oblige," followed by his name, are equivalent to the expression "and oblige," frequently used in concluding a letter or order with the signature of the writer.   It was further contended in the demurrer that "the indictment fails to allege how or in what way,

manner, or means the defendant uttered and published the alleged forged paper." We think this point is controlled by the ruling of the Supreme Court in *Thomas* v. *State,* 59 *Ga.* 784, and that an indictment charging the uttering of a forgery may be confined to the language employed in defining the offense in the Penal Code, § 232. Another ground of the demurrer was that the order was addressed merely "Mr. Griffin," and contained nothing that would indicate that it was intended for W. J. Griffin, the person whom it was alleged the defendant intended to defraud. We do not think this was good ground of demurrer. The fact that the person intended was W. J. Griffin could be shown by evidence outside of the paper itself.

4. The evidence showed that a boy named Will Selman carried the order which we have recited to the store of the Griffin Hardware Company, in Floyd county, Georgia, and presented it to Mr. W. J. Griffin. A Mr. Graham was interested with Griffin in the Griffin Hardware Company. Mr. Graham was not in the store at the time, and there are circumstances from which it can be inferred that the defendant knew of Graham's absence, and that the order would be presented to Griffin. Shaw Buchanan worked for Graham in the sawmill business, and Griffin was accustomed to pay, for Graham, orders drawn by Shaw Buchanan. Griffin paid Will Selman the $40, and Selman carried the money to Curtis, the defendant, who gave him the note or order, and who was engaged in the undertaking business. It was proved that Selman was, at the time he testified, a convict, who had pleaded guilty to uttering the forgery in question, and there was proof that his general reputation was bad. It was contended that he was an accomplice and that his testimony was not corroborated. Selman testified that, though he had pleaded guilty, he was in fact innocent of the offense of uttering the forged paper, because he carried the note from Curtis to Griffin without any knowledge of its contents or any intent to defraud, and the proof showed that he could neither read nor write. The issue was raised, therefore, as to whether Selman was or was not an accomplice; and we are of the same opinion as the trial judge, who instructed the jury that although Selman may have entered a plea of guilty of forgery, if they believed from the evidence that he in truth and in fact took the order without knowing what was in it, and carried it to Griffin and got the money and

turned it over to the defendant Curtis without any intention to defraud any one, and was merely an innocent participant in the crime, he would not be an accomplice. The jury had the right, therefore, to find the defendant guilty upon Selman's testimony, even in the absence of any corroboration, if they found that he was not an accomplice. On the other hand, there was sufficient testimony, as shown by the record, to corroborate the testimony of Selman, even if the jury found him to be an accomplice, for there was not only evidence by comparison of the order with papers admitted to have been executed by the defendant, and testimony of a person familiar with the defendant's handwriting that in his best opinion the order was written by the accused, but the books kept by the defendant in his undertaking establishment were submitted to the jury and taken with them to the jury-room for comparison with the order. It can not be said, therefore, that there was no corroboration of Selman's testimony.

There was no error in overruling the motion for a new trial.

*Judgment affirmed.*