682

## 27697. MILLER v. THE STATE.

DECIDED SEPTEMBER 29, 1939.

*Edwards & Edwards,* for plaintiff in error.

*Hal C. Hutchens, solicitor-general,* contra.

MacINTYRE, J. ■ The indictment charged forgery, in two counts. One count was for the "making" and "signing" of a check in violation of the Code, § 26-3908; the other was for the "uttering" and "publishing" of the same check in violation of § 26-3910. The offenses so charged are of the same nature, differing only in degree. Therefore a general verdict of guilty, which was the one returned in the instant case, was by intendment of the law a verdict that the defendant was guilty of the highest offense charged in either of the two counts in the indictment. *Hoskins* v. *State,* 11 *Ga.* 92; *Sutton* v. *State,* 124 *Ga.* 815, 817 (53 S. E. 381); *Long* v. *State,* 12 *Ga.* 293, 316. The question here presented is whether the general verdict, "We, the jury, find the defendants guilty, and recommend mercy," supports the count of uttering and publishing the forged check. We think this question should be and it is answered in the affirmative. The punishment prescribed for uttering or publishing a forged check under the Code, § 26-3910, is from two to ten years, and the punishment prescribed for making and signing a forged check under § 26-3908, is from three to seven years. Construing the language in *Couch* v. *State,* 28 *Ga.* 367, and *Gibson* v. *State,* 79 *Ga.* 344, 345 (5 S. E. 76), we are of the opinion that in the *Gibson* case the Supreme Court said, in effect, that the crime of uttering and publishing a forged check was of a higher degree than the offense of

making and signing a forged check. We are of the opinion that this is true. It seems to us that the lawmakers were saying that the thrusting or releasing of a forged note or check upon the public, or the putting in circulation of a forged note or check, was a more serious offense than the offense of simply making and signing such forged note or check. At any rate, the law fixes the maximum penalty greater for "uttering" or "publishing" a forged note or check than it does for "making" and "signing" it, to wit: seven years.

■ Snooks Lee, Big John, Glyn Trammell, and Willie Miller, the plaintiff in error, were jointly indicted for forgery. All were tried together, except Big John who had fled and who had not been captured. The jury were authorized to find from the evidence that Snooks Lee and Big John were in W. E. Morgan's office (the man whose name was signed to the forged check), and as they left this office they were joined by the defendants Trammell and Miller, who waited outside. The four men rode the same truck from Buchanan to Bremen, Georgia, where they stopped at the Ten-Cent Hotel, a small restaurant in sight of the Commercial Bank of Bremen, where Lee sought to have the check cashed. In the restaurant Big John gave the check to Lee to take to the bank to have it cashed, and the other three were to wait at this point until Lee returned when the money was to be divided equally among the four. Each was to receive $5. Lee gave the check to the bank cashier, who discovered the forgery and called the policeman, Guice, who arrested Lee. There was testimony from which the jury might have inferred that Miller fled when he saw that Lee had been arrested. The arresting officer, on direct examination, testified: "Miller [the present defendant] said they were going to divide the money equally if he got the check cashed, the $20 check. There were four of them." On cross-examination he testified: "I just asked him if his name was Miller, and he said 'Yes.' I asked him if he was in the bunch that had the check, and he [said he] was. The bunch, Lee, Trammell and Big John they called the other one. As to the conversation I had with one of the boys up there he said besides that they were all going to get five dollars. That's all I wanted to know. I just asked him if he was with them, and he said, 'No, Trammell wrote the check.' They were going to divide it between the four boys, Lee, Tram-

mell and Miller and Big John. I didn't know who Big John was. He called their names over, them four. As to Lee and Trammell and Big John, if there is more than one Trammell, Willie I believe; I am not sure, I don't remember his given name. I don't know what Trammell he had reference to. I don't know what Miller had reference to. I know what he said. I know what Miller had reference to. I know what he said. When I asked him, he said he was in the bunch and was going to get part of the money. They sent Lee with the check to get it cashed."

There was ample evidence to establish the fact that the check in question was a forgery. "If the proof showed that the person killed and about whom the confession was made, was unlawfully killed, that fact is enough of itself to corroborate the confession so as to authorize a conviction. If the confessions are corroborated, by circumstances, it is enough." *Daniel* v. *State*, 63 *Ga.* 339, 340. In the instant case we think the corpus delicti of the offense of uttering and publishing a forged check was established by the evidence, and that the jury were authorized to find that the defendant was connected with the uttering and publishing of said check by his own confession, and "surely his own free confession is as strong proof to show his own connection therewith as the strongest chain of circumstances, and much stronger than any number of slight links in an attenuated chain." *Partee* v. *State*, 67 *Ga.* 570, 571. See *Wimberly* v. *State*, 105 *Ga.* 188 (31 S. E. 162); *Mathis* v. *State*, 55 *Ga. App.* 727, 729 (191 S. E. 272). The evidence authorized the verdict.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*