### 31863. LARGIN *v.* THE STATE.

Decided May 20, 1948.

114

118

*William G. McRae, Clarence D. Stewart,* for plaintiff in error.
*Paul Webb, Solicitor-General, J. W. LeCraw, William Hall,*
contra.

MacIntyre, P. J.   The defendant sought to prove an alibi, but
the jury resolved this issue against him; and under the evidence
they were authorized to do so.   On this issue and other issues in
the case where there were apparent or real issues under the evi-
dence, the credibility of the witnesses is solely within the province
of the jury.   *Harrell* v. *State,* 69 *Ga. App.* 482 (1) (26 S. E. 2d,
151) ; *Berry* v. *State,* 185 *Ga.* 334 (3) (195 S. E. 172).   As to the

defendant's statement to the jury, denying his guilt and denying that his confession was made voluntarily without the slightest hope of benefit or remotest fear of injury, under our law it is well settled that it is the prerogative of the jury to accept the defendant's statement as a whole, or to reject it as a whole, to believe it in part, or disbelieve it in part. In the exercise of this discretion they are unlimited. *Jones* v. *State*, 71 *Ga. App.* 56, 57 (30 S. E. 2d, 284).

The defendant also contends that a finding by the jury that he was identified as the man who committed the crime was not authorized by the evidence, that not a single statement in his purported confession was corroborated by testimony, and that the verdict finding him guilty is contrary to law and contrary to the evidence.

The trouble with this contention is that the defendant identified himself by his confession, which the jury were authorized to find was freely and voluntarily made, as the man who committed the crime in issue; and the proof that there was in fact an assault with intent to rape upon the little girl about whom the confession was made is undisputed. That fact (proof of the corpus delicti) is enough to corroborate the confession so as to authorize the conviction. *Miller* v. *State*, 60 *Ga. App.* 682 (4 S. E. 2d, 729). "A conviction may be lawfully had upon a free and voluntary confession though the same be not otherwise corroborated than by proof of the corpus delicti." *Wimberly* v. *State*, 105 *Ga.* 188 (supra).

In the instant case, in addition to the proof of a confession and of the corpus delicti, there was proof of a number of circumstances which tended to show the defendant as the person connected with the crime in issue, not to mention the identification of the defendant as such person by the victim of the assault with intent to rape. The evidence authorized the verdict finding the defendant guilty as charged, and there was no error in overruling his motion for a new trial based on the general grounds only.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*