33107. VAUGHN *v.* THE STATE.

DECIDED NOVEMBER 30, 1950. REHEARING DENIED DECEMBER 19, 1950.

126

*Wesley R. Asinof, Samuel Green Jr.*, for plaintiff in error.
*Paul Webb, Solicitor-General, William Hall*, contra.

GARDNER, J. ■ On the former appearance of this case (*Vaughn v. State*, 79 *Ga. App.* 724, 54 S. E. 2d, 511), this court held that the evidence failed to show that the defendant knew that the indorsement was forged as charged in count 2. The court stated: "The question of connecting the defendant with the forging of the check is eliminated, as the jury found him not guilty of that offense in spite of the testimony of the handwriting expert that the endorsement on the check was made by the defendant." On this (the second) trial, the State sought by a different handwriting expert to show that the defendant indorsed the name of Ellis on this check, that is, that he was guilty of forgery. The jury trying him on the first trial for forgery had found him not guilty of this forgery. He was not again indicted for forgery, but only charged with knowingly uttering the forged instrument, and was not tried for forgery but only for uttering. The defendant objected to this testimony of the handwriting expert on the ground that the verdict of the jury on the first trial, that he was not guilty of forging the indorsement on the check, was final on this issue and was res adjudicata as to the defandant having any knowledge of the forgery. And further, that such testimony was incompetent, illegal, and prejudicial, said testimony being as to the facts already passed upon by a jury and involving the same transaction. The court overruled this objection and admitted such testimony. Error is assigned thereon in this court. As ruled in *Vaughn v. State*, 79 *Ga. App.* 724 (supra), the "jury by its verdict on count 1 found that the

defendant did not indorse the check himself." This issue, therefore, has been adjudicated. The fact that one handwriting expert testified for the State on the first trial and an entirely different handwriting expert testified for the State on the new trial now under review does not alter the fact that it has been adjudicated that the defendant "did not indorse this check himself." Consequently, it was error to admit the testimony of the handwriting expert that the defendant had indorsed this check.

There is nothing to the contrary held in *Johnson* v. *State,* 54 *Ga. App.* 260 (2) (187 S. E. 679), and similar decisions. The same transaction is involved here.

There is no merit in the contention of the State that the defendant, not having interposed a plea of res adjudicata, could not object to such testimony on the second trial. While it is true that the defendant did not formally file a plea of res adjudicata, he did file a plea of not guilty, thus forming the general issue of not guilty; and when the State, on the second trial, sought to prove again that the defendant did forge the indorsement on the check, the defendant made a timely objection to the effect that the State could not go into that question because it was res adjudicata and the State was estopped from going into that issue. The defendant had been accused of forging the indorsement on the check. The defendant at this point in the proceedings proposed to introduce the indictment in the first trial and the verdict of the jury acquitting him of forging the indorsement on the check, and proposed to show that it was the same transaction. The State specifically stated that it had no objection to the introduction of such records and evidence, and such were admitted without any objection whatsoever by the State. It thus seems clear to us that the State cannot at this late date, by argument only, contend that a formal plea of res adjudicata should have been filed. This contention seems to the writer to be playing with the technicalities of procedure.

■ Without the evidence of the handwriting expert, whose testimony this court has ruled in the first division hereof to have been improperly admitted, there was no evidence before the jury to show that the defendant knew that this check was a forged instrument. The evidence, with the exception above noted, was substantially the same as that on the first trial. In

*Vaughn* v. *State,* supra, this court stated as to this evidence: "The evidence did not sufficiently connect the defendant with the perpetration of the offense of uttering, passing, or tendering in payment a forged check to warrant the conviction for that offense under the facts of this case." If we eliminate from the instant case the evidence to the effect that the defendant forged the indorsement of Ellis to this check, there is no evidence that the defendant knowingly uttered a forged instrument. There can be no serious question but that the finding of the defendant not guilty on count 1 in the first indictment, charging him with forging the name of Ellis to this check, and the decision of this court on appeal in that case have adjudicated that the defendant did not indorse the name of Ellis to this check. Without evidence that he did so forge the indorsement of Ellis, there is no evidence to show that the defendant knowingly uttered a forged check. See *Parker* v. *State,* 76 *Ga. App.* 238 (45 S. E. 2d, 692) ; *Hudson* v. *State,* 26 *Ga. App.* 786 (107 S. E. 400). On the first trial, the defendant in effect was acquitted of an essential element of uttering a forged instrument with knowledge of its forgery. The same transaction is involved in both trials.

The Supreme Court in *Harris* v. *State,* 193 *Ga.* 108, 109 (17 S. E. 2d, 573, 147 A.L.R. 980) deals fully with the question now under consideration. In our interpretation of that decision it sets at rest as of no merit the contention of the State in this case. In headnote 1, subdivision c, the Supreme Court said: "where the transactions are the same as a matter of fact, even though the offenses be not identical or in effect identical as a matter of law, so as to come within the scope of the preceding subsections (a) or (b), he may nevertheless, under the principles of res judicata which may be included in a plea under the broader doctrine of former jeopardy, show that his acquittal on the first charge was necessarily controlled by the determination of some particular issue or issues of fact which would preclude his conviction of the second charge." In dealing with this particular question, on page 119 of that opinion, the court had this to say: "The principle of res judicata, as embodied in subdivision (c) of headnote 1 and as stated in the opinion, does not appear to have been directly dealt with by any decision ren-

dered by this court, although in many cases that principle seems to have been at least impliedly recognized, as in *Buhler* v. *State,* 64 *Ga.* 504, and in *Lock* v. *State,* 122 *Ga.* 730, 733 (50 S. E. 932), where the court sustained the plea of former jeopardy on the theory that the issue raised under the second indictment had been actually tried and determined under the evidence submitted to support the first indictment. However, the principle of res judicata, as before stated, seems to have been almost universally recognized by the courts that have actually encountered the question and made a decision thereon. The Supreme Court of Alabama in Mitchell *v.* State, 140 Ala. 118 (37 So. 76, 103 Am. St. R. 17), applied in a criminal case the rule of civil litigation, as follows: 'A final judgment on the merits, determining any issue of law or fact after a contest over it, forever sets at rest and fixes it as a fact or as the law in any other litigation between the parties.' See also U. S. *v.* Oppenheimer, 242 U. S. 85 (37 Sup. Ct. 68, 61 L. ed. 161, 3 A.L.R. 516, 519); Jay *v.* State, 15 Ala. App. 255 (73 So. 137); Cooper *v.* Commonwealth, 106 Ky. 909 (59 S. W. 524, 45 L. R. A. 216, 90 Am. St. R. 275, note and cit.), also recognizing the principle as applicable in criminal cases involving the same defendant. The rule has been applied by the Supreme Court of the United States in quasi-criminal proceedings against the same defendant, who had been acquitted in a previous criminal case, as to the identical issue there adjudicated. Coffey *v.* U. S., 116 U. S. 436, 443, 444 (6 Sup. Ct. 437, 29 L. ed. 684). See also State *v.* Meek, 112 Iowa, 338 (84 N. W. 3, 51 L. R. A. 414, 84 Am. St. R. 342); State *v.* Adams, 72 Vt. 253 (47 Atl. 779, 82 Am. St. R. 937, 938, 939); In re Gottesfeld, 245 Pa. 314 (91 Atl. 494). It is interesting to note that one of the earliest formulations of essential principles of res judicata was made in a criminal case, the celebrated English decision of Rex *v.* Dutchess of Kingston, 20 Howell's State trials 538 (2 Smith's Leading Cases, part 2, 8th edition, 734 [784]).

"The text-book writers with unanimity appear to have recognized the principle as sound, and do not appear to consider that it is open to doubt or question. Freeman in his work on Judgments (5th edition 1364, § 648) says that the effect of the former judgment 'as res judicata . . . is necessarily to a considera-

ble extent lost sight of in the broader doctrine of former jeopardy. . . Even where the crimes charged are different, and a plea of former jeopardy therefore unavailable, a criminal judgment, is res judicata of every matter determined by it, where the conditions essential to the operation of this doctrine are present. . . The previous judgment is conclusive only as to those matters which were in fact in issue and actually or necessarily adjudicated. . . Though the judgment under which an acquittal has been had charges an offense apparently different from that charged in the second indictment, still the plea of former acquittal may be sustained by showing that the defendant could not have been guilty of the crime with which he is now charged without also being guilty of that of which he has been acquitted.' Van Fleet in his work on Former Adjudication (vol. 2, 1242-1249, § 628) also says: 'If there is a contest between the State and the defendant in a criminal case over an issue, I know of no reason why it is not res judicata in another criminal case.' The same conclusion is expressed by other textwriters. 15 Am. Jur. 45, § 367; 34 C.J. 969, § 1386."

Therefore, it seems clear to us that the court erred in overruling the defendant's motion for a new trial.

*Judgment reversed. Sutton, C.J., Townsend, J., and Worrill, J., concur. Felton, J., concurs in the judgment. MacIntyre, P.J., dissents.*

MacINTYRE, P.J., dissenting. The defendant was indicted on June 29, 1948, on two counts. Count 1 charged forgery; count 2 charged uttering a forged instrument. In the trial on November 9, 1948, the defendant was acquitted on count 1, but was convicted on count 2 and sentenced thereon. This conviction was reversed by this court on July 26, 1949, in *Vaughn* v. *State*, 79 *Ga. App.* 724. The defendant was thereupon reindicted on September 30, 1949, for uttering a forged instrument. This second indictment did not contain count 1 of the former indictment upon which the defendant had ben acquitted on the first trial, but contained count 2 of the former indictment upon which the defendant had been convicted. On October 6, 1949, the defendant was again convicted of the crime of uttering a forged instrument, sentence was imposed, and the defendant appealed to this court.

On the first writ of error, as reported in *Vaughn* v. *State*, supra, this court held that the evidence did not sufficiently connect the defendant with the forged check which was cashed so as to warrant his conviction of uttering or passing a forged check. As the defendant had moved for a new trial from the conviction of uttering a forged check under count 2 of the first indictment and the new trial was granted, the case for uttering a forged check, under the second indictment, stood " 'on the docket for trial at the next term as though no trial had been had, subject to the rules for continuances provided in this Code.' Code, § 70-401." *Underwood* v. *Heath & Co.*, 64 *Ga. App.* 180 (12 S. E. 2d, 464). This is true notwithstanding that, under the law of the case as laid down by the appellate court when reversing the conviction of the defendant in the trial court and granting a new trial, the defendant at whose instance the new trial was granted may, under the evidence adduced upon that trial, be entitled as a matter of law to an acquittal. *Scott* v. *Powell Paving Company of North Carolina*, 43 *Ga. App.* 705 (159 S. E. 895). Although the evidence in a criminal case may as a matter of law preclude the defendant's conviction in a case, it does so only as respects the trial at which the evidence was given. *Scott* v. *Powell Paving Company of North Carolina*, supra.

The fact that the defendant had been reindicted and put on trial for the same crime of uttering a forged check did not change the situation. I think that the evidence on the first trial by reason of its introduction in that trial did not operate as a matter of law to preclude a conviction upon the subsequent trial here. With reference to count 1 of the indictment upon which the defendant had been found not guilty of forgery— under the circumstances here, even though the defendant was acquitted of the act constituting forgery, if relevant (and I think it was relevant to show intent, scheme, etc.), the State could show that the defendant committed the criminal act of forgery, but it would be error to allow in evidence the indictment for such other crime, to wit, the indictment for forgery upon which the defendant had been acquitted, as being proper evidence tending to prove intent, scheme, etc.; yet if the act which ·constituted the crime of forgery was relevant to the issue then on

trial, of uttering a forged instrument, to show intent, scheme, etc., the criminal act of forgery could be shown by evidence aliunde the first count of the first indictment, notwithstanding the defendant was acquitted on that count in the first indictment. *Lee v. State*, 8 *Ga. App.* 413 (69 S. E. 310).

In the instant case, I think that the evidence objected to in special ground 1 was admissible for the purpose of showing intent, scheme, etc.

The defendant was previously acquitted of forging the check, and adjudicating in the instant case that the defendant was guilty of uttering such forged check is not adjudicating that the defendant did participate in such forging of the check, for it does not necessarily follow that, because the defendant himself did not forge the check, he did not utter such check, as forged by someone else. *Harris v. State*, 193 *Ga.* 109. This case is distinguished on its facts.

FELTON, J., concurring specially. The indictment on which the defendant was first tried charged him with forging in the first count, and with uttering the same instrument, knowing it to have been forged, in the second. For the sake of clarity, inasmuch as the question whether someone other than the defendant forged the instrument is eliminated, I shall treat the indictment as alleging that the defendant forged the check and uttered the check which he himself forged, because the issues would be the same under the indictment as it is written, if the evidence showed that the defendant uttered the instrument which he also forged.

The defendant's contentions in this case are predicated on the proposition that the jury adjudicated in the first trial that the defendant did not as a matter of fact forge the instrument. Whether that is true or not depends on whether two separate and distinct crimes were charged in the indictment, or two grades of one offense. If two crimes were charged, the defendant's contentions are correct because in that event a verdict of not guilty on the first count meant that the jury had investigated and found on the facts charged in the first count. However, if two grades of the same crime were charged in the indictment, and a conviction was allowable on only one count, a verdict of not guilty on the first count would not mean that

the defendant was found not to have committed the acts charged therein where the verdict was guilty on the second count, because the verdict of guilty on the second count is consistent with the fact that the defendant did commit the acts charged in the first count. Since only one crime was charged, a conviction of the greater grade automatically called for an acquittal of the lesser grade of offense. It is settled in my mind that the indictment charged only one crime and charged two grades of the same offense, and there was in reality only one verdict rendered. *Thomas* v. *State*, 59 *Ga.* 784; *Long* v. *State*, 12 *Ga.* 293; *Miller* v. *State*, 60 *Ga. App.* 682 (4 S. E. 2d, 729); *Bulloch* v. *State*, 10 *Ga.* 47 (50 Am. D. 369); *Blount* v. *State*, 11 *Ga. App.* 239 (74 S. E. 1099); 37 C. J. S. 111, § 108; 23 Am. Jur. 698, §51. The rationale of these authorities is that, where an indictment charges the forgery and uttering of the same instrument, only one intent is involved, and there cannot under the law be but one crime if the defendant committed all the acts charged. But regardless of what the law is, if the trial court submitted the case to the jury on the first trial as involving two separate crimes, and authorized the jury to return a verdict of guilty on both counts, the case as to the defendant would be the same as if the law had authorized the action of the court, because in such a case the jury would have actually adjudicated the facts in finding a verdict of guilty on the first count instead of entering such a verdict as a legal consequence of finding a guilty verdict on the second count. There is no showing by the defendant that the court on the first trial submitted the case as two separate offenses, and the presumption ordinarily would be that the court treated the evidence as showing two grades of the same offense; and it would follow that, when a new trial was granted, the entire verdict, which was in fact one under the presumption above, was set aside, and the defendant could not complain that he was being put in jeopardy twice for the same offense when he has had the previous judgment set aside on his own motion. However, under the decision of this court in reversing the first conviction, it is the law of this case that the defendant was tried as for two separate and distinct offenses, one for forging and one for uttering the identical

check. The judgment in that case could have no other foundation or support.

Since this court has necessarily ruled that the defendant has been tried and acquitted of forging, he cannot be put in jeopardy again for the offense of uttering the same instrument after having forged it, which is a different grade of the same offense of which he was acquitted.