**John Evan DAPCEVICH, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. 12.

Supreme Court of Alaska.

April 7, 1961.

Thomas B. Stewart, Juneau, for appellant.

Ralph E. Moody, Atty. Gen., and Michael M. Holmes, Asst. Atty. Gen., for appellee.

Before NESBETT, C. J , and DIMOND and AREND, JJ.

AREND, Justice.

This case presents the question whether an acquittal of the offense of forging the endorsement of the payee on a treasury warrant of the Territory of Alaska precludes a subsequent prosecution for uttering the same warrant.

On February 5, 1959, John Evan Dapcevich was indicted in the court below, charged with violations on two counts of section 65–6–1, A.C.L.A.1949.[1] The first count charged that on or about October 10, 1957, the defendant, with intent to injure and defraud, forged "the endorsement of Mrs. Don Felt on Treasury Warrant No. 105889 issued by the Territory [now State] of Alaska." The second count charged that on or about the same date and with like intent to injure and defraud, the defendant uttered and passed the warrant in question to John H. Estes, "knowing that the endorsement of Mrs. Don Felt, the payee, had been forged thereon."

The defendant pleaded not guilty and the case went to trial on February 16, 1959. After the close of testimony, the prosecution dismissed the second count of the indictment with leave of the court and consent of the defendant on the ground

---

1. The pertinent part of section 65–6–1, A.C.L.A.1949, reads:

"That if any person shall, with intent to injure or defraud anyone, falsely * * * forge * * * any warrant, order or check * * *; or shall, with such intent, knowingly utter or publish as true and genuine any such * * * forged * * * instrument * * *, such person, upon conviction thereof, shall be punished by imprisonment in the penitentiary not less than two nor more than twenty years."

that a necessary witness was unavailable to testify.[2] The jury returned a verdict of not guilty on the first count. There-after, on March 6, 1959, the defendant was again indicted, being charged with knowingly uttering the said forged warrant in the identical language that had been used against him in the second count of the first indictment.

This second proceeding was in forma pauperis on the part of the defendant. Through his court-appointed counsel, the defendant moved that the indictment be dismissed under the doctrine of res judicata or collateral estoppel. The motion was denied on June 16, 1959, and on the following day the case went to trial on the defendant's plea of not guilty. The same principal witnesses and testimony were produced by the prosecution, with the addition of the testimony of John H. Estes and some minor witnesses. Evidence substantially identical to that of the first trial, especially with respect to defendant's alleged knowledge of the forgery, was accepted over objection by the defendant.[3] The jury returned a verdict of guilty and the court sentenced the defendant to four years' imprisonment, with suspension of sentence and probation as to three years of the term. The defendant appealed.

While the defendant specifies six errors [4] which he claims the trial court committed, he does not single them out for discussion but states early in his brief that the question presented for review is whether, in the circumstances of this case, matters in issue and essential to conviction in the second trial were determined favorably to him in the first trial and hence rendered res judicata. That is, in fact, the only issue, as we see it, that needs to be decided in this case.

■ The defendant admits that "technically" the charge of uttering a forged instrument as found against him in the second indictment is for a different offense than that of "forgery" of the endorsement charged in the first count of the first indictment, and that, therefore, the prohibition against double jeopardy does not apply in this case. His concept of the law in this respect is correct.[5] However, says the defendant, this is a case in which the doctrine of res judicata should be applied and should operate to conclude matters in issue which have been determined by a previous verdict, even though the offenses are differ-

2. Rule 48(a) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., which prevailed in Alaska at the time of the trial of this case, provides that the United States attorney may by leave of court and with the consent of the defendant file a dismissal of an indictment during the trial of the case.

3. The record of the first trial has not been brought up to us on this appeal; so the statement of the case as we have given it in relation to the first trial is based upon the statement contained in the brief of the appellant and upon the concession by the state in its brief that it "adopts the Statement as found in the Appellant's [defendant's] brief."

4. Briefly stated the errors charged were:
   1. Denial of defendant's motion to dismiss the indictment.
   2. Permitting the introduction of evidence tending to show that the defendant committed forgery, over his objection that such evidence was barred under the rule of res judicata.

3. Admission of evidence over his objection to show that defendant endorsed the signature on the subject treasury warrant.
   4. Refusal to admit into evidence the record of the first trial of the defendant.
   5. Denial of defendant's motion to acquit on the grounds of insufficient evidence to prove that defendant had knowledge of the false character of instrument involved.
   6. The giving of Instruction No. 7, especially the part thereof which instructed the jury that they might consider the evidence as to whether the defendant wrote the endorsement on the warrant as well as any other evidence bearing on his intent and knowledge at the time the check was uttered.

5. People v. Todd, 1953, 120 Cal.App.2d 640, 261 P.2d 766, 768. See also Carney v. United States, 9 Cir., 1947, 163 F.2d 784, 787, 788, certiorari denied 332 U.S. 824, 68 S.Ct. 165, 92 L.Ed. 400.

ent.[6] That raises the question whether the jury's verdict of not guilty on the forgery charge in the first trial was a determination favorable to the defendant of the facts essential to conviction of the offense of uttering a forged instrument.

Since the record in the first case has not been brought up on this appeal,[7] we shall have to resort to the several references in the briefs of the parties and in the record of the instant case to matters that transpired in connection with the first trial for a basis upon which to decide the issue before us here. Thus, in the record and as a part of the court's instruction No. 7, there is set forth in full the forgery count on which the defendant was found not guilty by the jury in the first trial.[8]

Also the briefs of the parties inform us that the evidence of the prosecution at both trials was substantially identical, especially that bearing upon the defendant's alleged knowledge of the forgery. In the transcript of the proceedings of the lower court is contained an account of the remarks of counsel and the ruling of the court on defendant's objection to the introduction of any evidence by the prosecution bearing on the question of whether the defendant wrote the endorsement on the warrant. These remarks of counsel indicate that the elements of the crime of forgery as charged in the first count of the first indictment and presented to the jury were: (1) that the defendant falsely made or forged the endorsement, (2) that

he did so with intent to injure or defraud, and (3) that the instrument was capable of being used to defraud.

The lower court overruled the defendant's objection in the instant case to the introduction of evidence that the defendant wrote the endorsement on the warrant in question. The prosecution then called George F. Mesnig, an agent of the Federal Bureau of Investigation, who qualified as a handwriting expert. Mesnig testified that, from a personal examination and comparison of the name of "Mrs. Don Felt" as it appeared in the endorsement on Treasury Warrant No. 105889 and as it had been written subsequently a number of times by the defendant for a police officer investigating the case, he determined that the defendant had written the name of Mrs. Felt on the warrant. This testimony was not controverted by the defendant who, while testifying on his own behalf, identified the specimens of Mrs. Felt's name which he had written for the police officer, but denied that he had uttered the warrant.

It must be borne in mind that the state has conceded that the handwriting expert Mesnig gave substantially the same testimony at both trials. In the first trial that evidence was material to the establishment of two of the essential elements in the forgery count, namely, that the defendant falsely made or forged the endorsement on the warrant and that he did so with the intent to injure or defraud. But the jury found the defendant not guilty.

6. The defendant cites the following cases as supporting his position: Sealfon v. United States, 1947, 332 U.S. 575, 68 S.Ct. 237, 92 L.Ed. 180; United States v. Oppenheimer, 1916, 242 U.S. 85, 37 S. Ct. 68, 61 L.Ed. 161, 3 A.L.R. 516; United States v. De Angelo, 3 Cir., 1943, 138 F.2d 466; Yawn v. United States, 5 Cir., 1957, 244 F.2d 235; Harris v. State, 1941, 193 Ga. 109, 17 S.E.2d 573, 147 A. L.R. 980.

7. The defendant attributes his failure to bring up the record of the first case to the fact that the trial court refused to procure that record for him at the Government's expense since he was defending in forma pauperis. He wanted the rec-

ord in the first trial, not for the jury to see but so that he could use it on appeal. The trial judge considered the request premature and indicated that it might even be a request which only the appellate court could grant.

8. Count I of the first indictment charged: "That on or about the 10th day of October, 1957, at Juneau, Alaska, and within the jurisdiction of this court, John Evan Dapcevich did feloniously, wilfully and unlawfully, with intent to injure and defraud, forge the endorsement of Mrs. Don Felt on Treasury Warrant No. 105889 issued by the Territory of Alaska."

At the second trial the court in its instructions to the jury detailed five essential elements of the crime of uttering a forged instrument as charged in the indictment. We are here concerned with only two of those elements. They are: (1) that the defendant knew the endorsement was falsely written on the warrant; and (2) that the defendant uttered the instrument with intent to injure or defraud.[9] Here again the testimony of Mesnig bore materially upon the proof of the two elements stated.

It is the defendant's contention that, since a jury in the first trial found him not guilty of forging the endorsement of Mrs. Don Felt on Treasury Warrant No. 105889, evidence that he forged the endorsement should not have been admitted in the present case to show that the defendant knew that the endorsement had been forged. Specifically the defendant argues that, since the fact intended to be proved in the first trial by the handwriting expert, namely, that the defendant had forged Mrs. Felt's name as the endorsement on the warrant, had been decided in favor of the defendant, the expert should have been precluded at the second trial from testifying to essentially the same fact to show knowledge on the part of the defendant that the instrument he was charged with having uttered had been forged.

The state urges, however, that we do not know whether the jury in the first trial acquitted the defendant on a finding that he did not forge the endorsement on the warrant, and therefore, evidence that the defendant knew that the warrant (check) was forged because he forged it himself was properly admitted in the second trial to show knowledge. To this argument the defendant answers that "the *only* alternative, if in fact the jury determined against the accused on the forging, was that the acquittal was based on a failure to prove the second element, the intent to defraud," and, in that event, the testimony of the handwriting expert should not have been admitted at the second trial to prove the same fact—intent to defraud.

Upon the general principle underlying the application of the doctrine of res judicata to criminal cases that no one should be harrassed by successive prosecutions for a single wrongful act or activity,[10] we hold that it was error for the lower court at the second trial to admit testimony by the handwriting expert bearing on the question whether the defendant wrote the name "Mrs. Don Felt" as the endorsement on the warrant. Reason and justice both dictate such a decision in this case. All questions of the defendant's criminal liability in connection with Treasury Warrant No. 105889 could have been logically and conveniently tried in one proceeding, and that is exactly what the state started out to do in the first trial. When it developed in the course of that trial that a necessary witness of the state in connection with the second count, relating to the uttering of the forged warrant, was unavailable to testify then, if the prosecutor did not intend to give up completely on the second count, he should have asked for a continuance rather than subject the defendant to two separate trials for a single activity.

We use the words "single activity" advisedly, because the record discloses that the defendant had no legitimate reason for ever having the warrant in his possession, that he was unknown to the payee, Mrs. Felt, and that he had the opportunity to purloin the warrant. Under such circum-

9. The other three elements of the crime of uttering a forged instrument, as given by the court, were (1) that the defendant place the instrument in the channels of commerce by delivering it to another, (2) that the endorsement of Mrs. Felt be falsely written on the instrument, and (3) that the instrument on its face be capable of being used to defraud persons who might act upon it as genuine. The capability of the instrument to defraud was not contradicted in either trial.

10. The principle is discussed in Statutory Implementation of Double Jeopardy Clauses: New Life for a Moribund Constitutional Guarantee, 65 Yale L.J. 339–357 (1956).

stances, if Dapcevich did forge the warrant, it is very doubtful that he had any other intent than to injure and defraud from the moment that he took the warrant and endorsed it in the name of Mrs. Felt until the time that he uttered it. The whole process on the defendant's part would have been a single activity, as we view it. Yet the jury in the first trial found the defendant not guilty, either because they were not convinced that he had forged the warrant or because they were not convinced that he had any intent to injure or defraud. Since one or both of these issues, necessary to conviction in both cases, must have been decided favorably to the defendant in the first trial, we see no reason why the state should be permitted to litigate the same issues in a second criminal proceeding against the defendant.

Our decision is not without precedent. In the case of Vaughn v. State, 1949, 79 Ga. App. 724, 54 S.E.2d 511, the defendant was tried on an indictment charging him with forgery in one count, by endorsement of another's name on a draft, and in a second count with knowingly uttering the forged instrument. The jury returned the following verdict: "We the jury find the defendant not guilty on Count 1. We the jury find the defendant guilty on Count 2 * *." The defendant charged error and the judgment of conviction on the uttering count was reversed by the Court of Appeals of Georgia. Thereafter the defendant was re-indicted, being charged only with knowingly uttering the forged draft. He was again found guilty of uttering. The evidence on this trial was substantially the same evidence as appeared on the first trial with the exception that the state used the testimony of a different handwriting expert to prove that the endorsement of the name of the payee of the draft was a forgery and that the defendant had written and endorsed on the back of the draft the name of the payee.

The defendant Vaughn objected to the testimony of the handwriting expert on the ground that the verdict of the jury on the first trial that he was not guilty of forging the endorsement on the check was final on this issue and was res judicata as to the defendant having any knowledge of the forgery. The lower court overruled this objection and admitted the testimony, whereupon Vaughn assigned error again in the Court of Appeals.[11] In reversing the judgment of conviction in this second case and holding that it was error for the trial court to admit the testimony of the handwriting expert that the defendant had endorsed the draft since the jury in its verdict in count one of the first indictment found that the defendant did not endorse the draft himself, the appellate court stated:[12]

"If we eliminate from the instant case the evidence to the effect that the defendant forged the indorsement of Ellis to this check, there is no evidence that the defendant knowingly uttered a forged instrument. There can be no serious question but that the finding of the defendant not guilty on count 1 in the first indictment charging him with forging the name of Ellis to this check and the decision of this court on appeal in that case has adjudicated that the defendant did not endorse the name of Ellis to this check. Without evidence that he did forge the indorsement of Ellis to that check, there is no evidence to show that the defendant knowingly uttered a forged check * * *On the first trial the defendant in effect was acquitted of an essential element of uttering a forged instrument with knowledge of its forgery. The same transaction is involved in both trials."

We consider the decision in the Vaughn case to be good law for us to apply in the case before us. The judgment of conviction is reversed.

11. Vaughn v. State, 1950, 83 Ga.App. 124, 62 S.E.2d 573.

12. Id. 62 S.E.2d at page 575.